TEXAS WESTERN FINANCIAL CORPORATION v. IRVING MANN, D/B/A MANN'S DEPARTMENT STORE

No. 7713DC629

(Filed 16 May 1978)

1. **Rules of Civil Procedure § 52— excusable neglect—findings not required**

Though the trial court was not required, in the absence of a request, to make findings of fact on which it based its legal conclusion that there had been excusable neglect on defendant's part in failing to file answer, it would have been the better practice to do so.

2. **Rules of Civil Procedure § 60.2— excusable neglect—insufficient evidence—default judgment improperly set aside**

Evidence was insufficient to support the trial court's finding of excusable neglect on defendant's part and the trial court erred in setting aside default judgment against defendant where the only matter presented in support of defendant's motion was his unverified memorandum which alleged that "the attorney for plaintiff misrepresented to the undersigned [defendant] that he would give him an opportunity to inspect the defendant's dead files for 1973 and 1974"; defendant did not claim that plaintiff's attorney promised to delay the litigation for any specific period; defendant presented nothing to show that he did not have a sufficient opportunity to inspect his own files, which were presumably in his custody and control; in addition to the thirty day period allowed by law, plaintiff's attorney gave defendant approximately an extra month to file his answer before obtaining the default judgment; and nothing in defendant's memorandum supported his characterization of the conduct of plaintiff's attorney as misrepresentation.

APPEAL by plaintiff from *Hunt, Judge.* Judgment entered 8 June 1977 in District Court, BLADEN County. Heard in the Court of Appeals 27 April 1978.

Plaintiff commenced this civil action on 28 September 1976 by filing verified complaint in which it alleged that defendant was

indebted to it in the sum of $958.85 for merchandise sold and delivered. An itemized statement of the account was attached as an exhibit to the complaint. Plaintiff prayed for judgment that it recover from defendant $958.85 with interest. Summons was issued on 28 September 1976 and was duly served on defendant on 5 October 1976. Defendant did not file answer, request an extension of time in which to answer, or otherwise plead in response to the complaint.

Defendant's default being made to appear by affidavit of plaintiff's attorney, on 3 December 1976 the Clerk of Superior Court made entry of default against defendant and on the same date entered judgment by default against him for $958.85 with interest. Execution on the judgment was issued on 2 February 1977.

On 31 May 1977 defendant, acting *pro se*, filed a motion to set aside the default judgment, supporting his motion by an unverified memorandum in which he stated:

The judgment in this case should be set aside because the attorney for plaintiff misrepresented to the undersigned that he would give him an opportunity to inspect the defendant's dead files for 1973 and 1974 to locate all bills submitted by plaintiff, and to show what dates each was paid. However, without knowledge of defendant, plaintiff's attorney obtained a default judgment before the investigation was completed.

The defendant has reviewed all the bills and confirmed that the said bills were paid in full. Upon giving such information to plaintiff's attorney, the said attorney refused to consider the facts, stating that he already had a judgment.

It is submitted that the Court should set aside the judgment because of the actions of the plaintiff's attorney and, more importantly, that nothing is owed to the plaintiff.

Plaintiff responded to defendant's motion by filing a statement signed by plaintiff's attorney in which he denied that any misrepresentation was made to the defendant. Plaintiff's attorney attached to his statement a copy of a letter dated 29 October 1976 which he had written to the defendant. The letter is as follows:

---

---

October 29, 1976

Mr. Irving Mann
Mann's Department Store
Broad Street
Elizabethtown, N.C. 28337

Re: Texas Western Financial Corporation vs. Mann's

Dear Irving:

I would appreciate your immediately giving me a copy of the cancelled check where you have paid the above named debtor, as you contended in our recent telephone conversation. Unless satisfactory proof of this can be produced for our client, we shall have no alternative but to follow through with the pending legal action in this case.

Yours very truly,

James R. Melvin

After considering defendant's motion and his memorandum in support thereof, and hearing oral argument from plaintiff's attorney and from the defendant, who was not represented by counsel, the District Court entered an order in which it found "as a fact that in this case there has been excusable neglect and meritorious defense." On these findings, the Court ordered that the default judgment be set aside. From this order, plaintiff appeals.

*Moore and Melvin by James R. Melvin for plaintiff appellant.*

*No counsel contra.*

PARKER, Judge.

Plaintiff contends that the trial judge erred in setting aside the default judgment because there was insufficient evidence from which the court could find excusable neglect on defendant's part. We agree and accordingly reverse.

"Parties who have been duly served with summons are required to give their defense that attention which a man of ordinary prudence usually gives his important business, and failure to do so is not excusable." 8 Strong's N.C. Index 3d, Judgments

§ 25, p. 57; *Whitaker v. Raines*, 226 N.C. 526, 39 S.E. 2d 266 (1946); *Johnson v. Sidbury*, 225 N.C. 208, 34 S.E. 2d 67 (1945); *Meir v. Walton*, 2 N.C. App. 578, 163 S.E. 2d 403 (1968). Although the cases just cited were decided under former G.S. 1-220 which has now been replaced by G.S. 1A-1, Rule 60(b)(1), the procedure under Rule 60(b) is "analogous to the former practice under G.S. 1-220," *Brady v. Town of Chapel Hill*, 277 N.C. 720, 724, 178 S.E. 2d 446, 448 (1971), and the principles announced in the case decided under former G.S. 1-220 still apply. *Doxol Gas v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971). Upon hearing a motion to set aside a judgment on the ground of excusable neglect, the trial court should make findings of fact from which it can determine, as a matter of law, whether excusable neglect has been shown. "Whether excusable neglect has been shown is a question of law, not a question of fact." *Equipment, Inc. v. Lipscomb*, 15 N.C. App. 120, 122, 189 S.E. 2d 498, 499 (1972). The trial court's findings of fact are final, unless exception is made that there was no evidence to support the findings of fact or that there was a failure to find sufficient material facts. *Norton v. McLaurin*, 125 N.C. 185, 34 S.E. 269 (1899). The trial court's conclusion of law, that excusable neglect has or has not been shown, is reviewable on appeal. *Ellison v. White*, 3 N.C. App. 235, 164 S.E. 2d 511 (1968).

[1] In the present case the trial court did not make any findings of fact on which it based its legal conclusion that there had been excusable neglect. Had it been requested to do so, it would have been error for the court not to have found the facts. *Sprinkle v. Sprinkle*, 241 N.C. 713, 86 S.E. 2d 422 (1955). However, absent a request it was not required to do so, G.S. 1A-1, Rule 52(a)(2), although it would have been better practice to have done so. The record in the present case does not disclose any request that the court make findings of fact.

[2] The question presented by this appeal thus becomes whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion that excusable neglect had been shown. So far as the record discloses, the only matter presented in support of defendant's motion was his unverified memorandum. Even if this be accepted as competent and even if all statements therein be accepted as true, we find it insufficient as a matter of law to show excusable neglect.

The crucial allegation in defendant's memorandum, though somewhat ambiguous, is that "the attorney for plaintiff misrepresented to the undersigned [defendant] that he would give him an opportunity to inspect the defendant's dead files for 1973 and 1974." Defendant did not claim that plaintiff's attorney promised to delay the litigation for any specific period, and he presented nothing to show that he did not have a sufficient opportunity to inspect his own files, which were presumably in his custody and control. The record shows that in addition to the thirty-day period allowed by law, G.S. 1A-1, Rule 12(a)(1), plaintiff's attorney gave defendant approximately an extra month to file his answer before obtaining the default judgment. Nothing in defendant's memorandum supports his characterization of the conduct of plaintiff's attorney as misrepresentation. On his own statement, defendant simply did not give to his defense the attention which a man of ordinary prudence usually gives his important business.

In the absence of sufficient showing of excusable neglect, the question of whether defendant had a meritorious defense becomes immaterial. *Stephens v. Childers*, 236 N.C. 348, 72 S.E. 2d 849 (1952); *Whitaker v. Raines, supra; Johnson v. Sidbury, supra.* Because defendant presented insufficient evidence to support the trial court's conclusion of excusable neglect, the order setting aside the judgment is

Reversed.

Judges VAUGHN and WEBB concur.