**Smith v. Barfield**

---

RONALD SMITH AND WIFE, VERNA SMITH v. THOMAS C. BARFIELD AND
PAULINE BARFIELD, INDIVIDUALLY T/A BARFIELD HOUSE MOVERS

No. 853DC102

(Filed 1 October 1985)

**1. Rules of Civil Procedure § 55— default judgment by clerk—sum certain**

Plaintiffs' allegation that they paid defendants the sum of $5,350 to per-
form a contractual obligation which defendants failed and refused to perform
constituted a claim for a "sum certain" for which the clerk could enter default
judgment pursuant to G.S. 1A-1, Rule 55(b)(1).

**2. Appeal and Error § 16.1— additional judgment while appeal pending—absence
of jurisdiction**

The trial court lacked jurisdiction to enter an additional judgment while
the case was on appeal. G.S. 1-294.

APPEAL by defendants from *Aycock, Judge*. Judgments en-
tered 28 August 1984 and 10 December 1984 in PITT County
District Court. Heard in the Court of Appeals 17 September 1985.

*Laurence S. Graham and Pamela Weaver Best for plaintiff-
appellees.*

*Everett, Everett, Warren & Harper, by C. W. Everett, Jr.,
for defendant-appellants.*

WELLS, Judge.

Plaintiffs brought this action seeking to recover damages
from defendants growing out of a contract between plaintiffs and
defendants for defendants to move a house owned by plaintiffs. In
their verified complaint, plaintiffs alleged that they agreed to pay
defendants the sum of $10,700.00 to move the house, one-half to
be paid when the house was loaded for moving and the other half
later. Plaintiffs paid defendants the sum of $5,350.00, but defend-
ants failed to move the house as agreed upon. Plaintiffs also al-
leged that because defendants had failed to move the house as
agreed upon, plaintiffs were forced to pay the cost of a place to
live in the sum of $288.84 per month. Plaintiffs sought to recover
the sum of $5,350.00 and the sum of $288.84 per month from Sep-
tember of 1983 until the house was moved. Defendants did not
answer and on 30 January 1984 plaintiffs obtained a default judg-
ment against defendants for the sum of $6,794.20 with interest

from 1 September 1984 until paid. Defendants did not appeal from that judgment.

On 18 July 1984, defendants filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(1) of the Rules of Civil Procedure to set the default judgment aside, alleging that the Clerk was without authority to enter the judgment because it was not for a sum certain as contemplated by Rule 55(b)(1) of the Rules of Civil Procedure. On 28 August 1984, the trial court entered its order in which it affirmed judgment for plaintiffs in the sum of $5,350.00 and struck the balance of the default judgment.

On 31 August 1984, defendants gave notice of appeal from the judgment of 28 August 1984. On 8 November 1984, plaintiffs moved the trial court for judgment in the additional sum of $2,050.49. On 10 December 1984, the trial court entered judgment for plaintiffs in the additional sum sought. Defendants gave timely notice of appeal from that judgment.

[1]    Defendants first contend that the trial court erred in affirming the Clerk's judgment for the amount of $5,350.00 because it was not a "sum certain." We disagree. Rule 55(b)(1) provides:

(b) Judgment.— Judgment by default may be entered as follows:

(1) By the Clerk.— When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person. A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine *or* compute the sum certain.
. . .

In their verified complaint, plaintiffs alleged that they paid defendants the sum of $5,350.00 to perform a contractual obligation which defendants had failed and refused to perform. This clearly constitutes a claim for a sum certain under Rule 55(b)(1). This assignment is overruled.

[2]    Defendants also contend that the trial court lacked jurisdiction to enter its judgment of 10 December 1984 for the additional

sum of $2,050.49 while the case was on appeal to this Court. We agree. N.C. Gen. Stat. § 1-294 (1983) provides that when an appeal is perfected, the appeal stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein. Clearly, the trial court was without authority to enter its judgment of 10 December 1984.

The result is that the judgment of 28 August 1984 is in all respects

Affirmed.

The judgment of 10 December 1984 is

Vacated.

The costs in this appeal shall be paid equally by plaintiffs and defendants.

Judges WHICHARD and PHILLIPS concur.