EAST CAROLINA OIL TRANSPORT, INC. v. PETROLEUM FUEL AND TER-
MINAL COMPANY, DOING BUSINESS AS APEX OIL COMPANY AND APEX
OIL COMPANY

No. 8614SC274

(Filed 16 September 1986)

1. **Judgments § 1— body of judgment controlling over heading—summary judg-
ment entered**

Since the wording of the body of a judgment controls and not the heading,
the trial court in this case entered summary judgment, and there was
therefore no merit to plaintiff's contention that the trial court erred in grant-
ing default judgment for defendant.

2. **Rules of Civil Procedure § 56— counterclaim not answered—summary judg-
ment proper**

The trial court did not err in granting summary judgment for defendant
where plaintiff did not file answer to defendant's counterclaim within the time
allowed by law; defendant filed a motion for summary judgment and a motion
for entry of default on the same day; the entry of default established certain
items as proven facts; and the court also considered interrogatories and
answers, requests for admissions and responses, and requests for production of
documents and replies.

3. **Rules of Civil Procedure § 60— motion for relief from judgment—no showing
of excusable neglect**

The trial court did not err in refusing to consider plaintiff's motion for
relief from judgment where plaintiff's counsel admitted that he requested im-
portant information from plaintiff but plaintiff did not produce the information
until well after the time for filing a response to the counterclaim and after the
hearing on summary judgment, and plaintiff thus showed no excusable neglect
which would entitle him to relief. N.C.G.S. § 1A-1, Rule 60(b)(1).

APPEAL by plaintiff from *Brannon, Judge,* and *Bowen (Wiley
F.), Judge.* Judgment entered 26 September 1985 and order en-
tered 11 December 1985 in Superior Court, DURHAM County.
Heard in the Court of Appeals 26 August 1986.

On 25 October 1984, plaintiff instituted this action to recover
sums owed to plaintiff by defendant for transporting oil. Defend-
ant filed both an answer and a counterclaim on 31 December 1984.
Defendant admitted liability on the plaintiff's claim of $7,820.00
and sought an offset for the amount of $38,421.02 which defendant
alleged was owed to him by plaintiff. Plaintiff never filed a reply
to the counterclaim. On 10 September 1985, defendant filed and
served a motion for summary judgment which set the hearing for

23 September 1985. That same day defendant obtained an entry of default against plaintiff on defendant's counterclaim.

On 26 September 1985, the trial court granted summary judgment for plaintiff on the original claim. The trial court also granted judgment in favor of defendant on its counterclaim. The heading atop the judgment read "SUMMARY JUDGMENT AND DEFAULT JUDGMENT" while the body of the judgment stated that the matter was before the court based on defendant's motion for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure.

Plaintiff gave notice of appeal in open court but later filed a motion to set aside the entry of default and what plaintiff referred to as the default judgment. On 11 December 1985, the court declined to exercise jurisdiction over this motion. Plaintiff has also filed a motion for relief from judgment with this Court pursuant to G.S. 1A-1 and Rule 60(b). From the judgment and order above, plaintiff appeals.

*Eugene C. Brooks, III and Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by Gary Parsons, for plaintiff appellant.*

*Randall, Yaeger, Woodson, Jervis & Stout, by John C. Randall, for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff contends that the trial court erred in granting default judgment for defendant. The judgment entered against plaintiff does in fact state in its heading that it is a summary judgment and a default judgment. However, the wording within the body of the judgment itself only speaks in terms of a summary judgment and makes no mention of a default judgment. When it is unclear from looking at the judgment whether a default judgment or a summary judgment was intended, the wording of the body of the judgment itself controls, not the heading. The judgment entered in the case *sub judice* was a summary judgment. Thus we need not consider plaintiff's first contention.

[2] Next plaintiff argues that the trial court erred in granting summary judgment for defendant. We disagree. Thirty days after service of defendant's counterclaim, plaintiff had not responded with an answer or other pleading of any nature. Time allowed by

law for the plaintiff to answer had expired. As a result, the entry of default established certain items as proven facts. *See Bell v. Martin*, 299 N.C. 715, 264 S.E. 2d 101, *reh'g denied*, 300 N.C. 380 (1980); *First Union National Bank v. Wilson*, 60 N.C. App. 781, 300 S.E. 2d 19 (1983). It was established that defendant Apex Oil Company sold petroleum to plaintiff in the amount totalling $38,421.02 and that defendant had demanded payment from plaintiff and was' refused. In addition to these facts, the court considered interrogatories and answers, requests for admission and responses, and requests for production of documents and replies. While defendant's motives in filing both a motion for summary judgment and a motion for entry of default on the same day may be questioned, no rules were violated. The trial court properly granted summary judgment in favor of defendant on its counterclaim.

[3]   Finally, plaintiff argues that the trial court erred in refusing to consider its motion for relief from judgment. Plaintiff contends that this Court should either vacate the trial court's order refusing to consider plaintiff's motion or, in the alternative, grant plaintiff's motion for relief from judgment filed with this Court.

In order for one to be entitled to relief under Rule 60(b) a party must show excusable neglect and a meritorious defense. *In the Matter of Oxford Plastics v. Goodson, Jr.*, 74 N.C. App. 256, 328 S.E. 2d 7 (1985). It also is well-established that a party served with a summons must give the matter the attention that a person of ordinary prudence would give to his important business. Failure to do so is not excusable neglect under G.S. 1A-1, Rule 60 (b)(1). *Ellison v. White*, 3 N.C. App. 235, 164 S.E. 2d 511 (1968); *Meir v. Walton*, 2 N.C. App. 578, 163 S.E. 2d 403 (1968).

In the present case the facts show no excusable neglect on the part of the plaintiff. By affidavit and oral argument before this Court, plaintiff's counsel admitted that important information was requested from plaintiff by plaintiff's counsel. Plaintiff did not produce the information until well after the time for filing a response to the counterclaim and after the hearing on summary judgment. This was not prudent behavior. We hold that plaintiff has shown no excusable neglect and is not entitled to relief under G.S. 1A-1, Rule 60(b)(1).

Affirmed.

Judges PHILLIPS and MARTIN concur.