MINNIE G. GRANT AND BEALE G. VICK, PLAINTIFFS v. EUGENE COX AND C. & H. TIMBER SERVICE, INC., DEFENDANTS

No. 912SC439

(Filed 21 April 1992)

1. **Rules of Civil Procedure § 55.1 (NCI3d) — entry of default — second service of summons — belief of additional time to answer — no excusable neglect**

Defendants were not entitled to have an entry of default set aside on the ground of excusable neglect where defendants were served by registered mail, return receipt requested, on 5 June 1990, they were served again on 21 June 1990 by delivery of the summons and complaint to the individual defendant's mother at his dwelling house, and defendants contended that their failure to answer the complaint within thirty days after service of the first summons was excusable because the deputy serving the second summons told the individual defendant's mother that defendants had thirty days after service to respond, since a man of ordinary prudence treating this matter as he would his important business affairs would not believe that the receipt of a second summons negated

GRANT v. COX

[106 N.C. App. 122 (1992)]

the requirements of the first summons which stated the legal requirements on its face.

**Am Jur 2d, Judgments § 718.**

2. **Rules of Civil Procedure § 55 (NCI3d) — action not for sum certain — summary judgment erroneous**

The clerk of court erred in entering a default judgment for plaintiffs in their action to recover for the wrongful cutting of timber because their action was not for a "sum certain" where plaintiffs alleged that the fair market value of the timber was $25,000 but there was no information in the complaint by which it could be determined how that amount was computed. N.C.G.S. § 1A-1, Rule 55(b)(1).

**Am Jur 2d, Summary Judgment §§ 26, 27.**

APPEAL by defendants from order entered 31 January 1991 by *Judge William C. Griffin, Jr.*, in HYDE County Superior Court. Heard in the Court of Appeals 10 March 1992.

This is an appeal from an order denying defendants' motion to set aside a default judgment. Plaintiffs are owners of 58 acres of timberland. In their verified complaint, filed 25 May 1990, plaintiffs allege that in February or early March, 1989, the defendants entered their lands and, without their permission, cut all merchantable timber from the property in violation of G.S. § 1-539.1. Plaintiffs claim that they were damaged in the amount of $25,000 and prayed for double damages pursuant to G.S. § 1-539.1(a). Defendants were served by registered mail, return receipt requested, on 5 June 1990. Defendants were served again on 21 June 1990 by delivery of the complaint and summons to Sophia Cox, the mother of defendant Eugene Cox, at his dwelling house. Deputy Gibbs informed Sophia Cox that the defendants had thirty days from the day of service to respond and this information was relayed to defendant Eugene Cox. On 11 July 1990, plaintiffs filed a motion for entry of default stating that defendants had been served on 5 June 1990 and had not filed a response. An entry of default and default judgment were entered by the clerk against defendants on 12 July 1990 in the amount of $50,000. Notice of entry and filing of judgment was sent by the clerk to all parties on 13 July 1990. On 17 September 1990, defendants filed a Rule 60(b) motion in superior court asking that they be relieved from the judgment on the grounds of mistake, inadvertence, surprise and excusable neglect and that

they be allowed to answer. In defense of the claim they presented two canceled checks totalling $5,000.00, made payable to plaintiffs and dated 15 March 1989. Defendants' motion was denied by Judge Griffin on 31 January 1991. An affidavit from David Faircloth, a consulting forester, dated 17 October and filed on 23 October 1990, was before Judge Griffin at the hearing on the motion. In that affidavit, Faircloth stated that one year prior to the time the timber was cut, he had viewed the timber and had expressed his opinion that the value of the standing timber was from $25,000 to $30,000.

*Pritchett, Cooke & Burch, by Stephen R. Burch, David J. Irvine and Lars P. Simonsen, for plaintiffs-appellees.*

*W. T. Culpepper, III, for defendants-appellants.*

JOHNSON, Judge.

Defendants first contend that the trial court abused its discretion in denying their motion to set aside the default judgment on the basis of excusable neglect.

[1] Initially, we note that defendants' motion to the superior court was for relief "from the judgment on the grounds of mistake, inadvertence, surprise and excusable neglect and on the other grounds specified in Rule 60b." In their motion, defendants argued that the receipt of the second summons and the deputy's advice led them to believe that they had 30 days from service of the second summons to respond. This argument goes specifically to the entry of default. G.S. § 1A-1, Rule 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead . . . the clerk shall enter his default."); G.S. § 1A-1, Rule 55(d) ("For good cause shown, the court may set aside an entry of default, and if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)."). Judge Griffin's order denied defendants' motion and was styled "Order Denying Motion to Set Aside Default Judgment." Because the arguments on appeal concern both the *entry of default* by the clerk and the *default judgment* also entered by the clerk, we will make the distinctions as required despite the terminology used in the record and briefs.

Pursuant to G.S. § 1A-1, Rule 60(b)(1), a party may be relieved from a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect. A motion for relief under Rule 60(b)

GRANT v. COX

[106 N.C. App. 122 (1992)]

is addressed to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532 (1975); *Perkins v. Perkins*, 88 N.C. App. 568, 364 S.E.2d 166 (1988). Setting aside a judgment under Rule 60(b)(1) requires that the moving party show both excusable neglect and a meritorious defense. *Norton v. Sawyer*, 30 N.C. App. 420, 227 S.E.2d 148, *disc. rev. denied*, 291 N.C. 176, 229 S.E.2d 689 (1976). When ruling on the motion, the trial court is not required to make written findings of fact unless requested to by a party, G.S. § 1A-1, Rule 52(a)(2), although it is the better practice to do so. *Financial Corp. v. Mann*, 36 N.C. App. 346, 243 S.E.2d 904 (1978). Where the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is "whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion[.]" *Id.* at 349, 243 S.E.2d at 907. Thus, the question before us is, given the facts which were before the trial court at the time, whether the court could have made findings of fact sufficient to support its conclusion that the motion to set aside the entry of default should have been denied.

As has often been stated, "a party served with a summons must give the matter the attention that a person of ordinary prudence would give to his important business." *East Carolina Oil Transport, Inc. v. Petroleum Fuel & Terminal Co.*, 82 N.C. App. 746, 748, 348 S.E.2d 165, 167 (1986), *disc. rev. denied*, 318 N.C. 693, 351 S.E.2d 745 (1987). *See also Boyd v. Marsh*, 47 N.C. App. 491, 267 S.E.2d 394 (1980); *Norton*, 30 N.C. App. 420, 227 S.E.2d 148. Failure to respond to a summons within the time allowed is not excusable neglect. *East Carolina Oil Transport*, 82 N.C. App. 746, 348 S.E.2d 165.

Defendants contend that the receipt of the second summons on 21 June and the deputy sheriff's advice that they had thirty days in which to respond, led them to believe that they were free to respond to the complaint at any time up to thirty days after 21 June and therefore their failure to respond within thirty days of service of the first summons constitutes excusable neglect. This argument has no merit. The summonses received by defendants on 5 June and 21 June were identical. Both summonses stated that defendants had thirty days in which to respond and further stated the consequences of their failure to respond. A man of ordinary prudence treating this as he would his important business

affairs would not believe that the receipt of a second summons somehow negated the requirements of the first summons which was clearly legal process and which stated the legal requirements on its face. *See Gregg v. Steele*, 24 N.C. App. 310, 210 S.E.2d 434 (1974).

We find that the trial court did not abuse its discretion in denying defendants' motion for relief from entry of default. Having found that the trial court could conclude that there was no excusable neglect, we need not consider defendants' arguments as to their meritorious defense.

[2] By their second Assignment of Error, defendants contend that the trial court erred in failing to set aside the default judgment pursuant to Rule 60(b)(4) as being void *ab initio*. They contend that the amount of damages in this case was not for a "sum certain" and therefore the default judgment is void. We agree.

A clerk of court is authorized to enter a default judgment against a defendant "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain[.]" G.S. § 1A-1, Rule 55(b)(1). The amount due must appear in an affidavit. *Id.* A verified pleading may be used in lieu of an affidavit when the pleading contains information sufficient to determine or compute the sum certain. *Id.* However, where the claim is not for a "sum certain or for a sum which can by computation be made ·certain," the party entitled to the default judgment must make his application to a judge. G.S. § 1A-1, Rule 55(b)(2).

In the case *sub judice*, the plaintiffs alleged in their complaint that they are the owners of 58 acres of timberland, that defendants entered. on the land without permission and cut, or allowed to be cut, the timber from the land. In paragraph 8 of their verified complaint they alleged "[t]hat by reason of the wrongful cutting of said trees by the defendants, the plaintiffs have been damaged in the amount of $25,000." In paragraph 9, they alleged "[t]hat, by virtue of N.C.G.S. 1-539.1(a), the plaintiffs are entitled to recover from the defendant [sic], double the value of the timber wrongfully cut." In their prayer for relief, plaintiffs demanded that they recover (1) $25,000, the fair market value of the timber, (2) that they recover twice their actual damages pursuant to G.S. § 1-539.1(a). The question before us is whether the allegations in the verified complaint as to the damages is sufficient under Rule 55 to support the default

GRANT v. COX

[106 N.C. App. 122 (1992)]

judgment entered by the clerk. This requires that we decide whether the complaint is for a "sum certain." We must look to the cases for an answer.

In *Smith v. Barfield*, 77 N.C. App. 217, 334 S.E.2d 487 (1985), plaintiffs alleged in a verified complaint that defendants had agreed to move a house for $10,700, one-half to be paid when the house was loaded for moving, and that plaintiffs paid $5,350 under the agreement but that defendants failed to move the house. This was held to constitute a "sum certain" under Rule 55(b)(1). In *McGuire v. Sammonds*, 247 N.C. 396, 100 S.E.2d 829 (1957), the Court upheld a default judgment based on "breach of an express contract to pay sums of money fixed by the terms of the contract" for personal services. In *Thompson v. Dillingham*, 183 N.C. 566, 112 S.E. 321 (1922), a verified complaint alleging that defendants owed plaintiff $2,000 on the purchase price of an automobile which defendants had expressly promised to pay was sufficient to sustain a clerk's entry of default judgment. In *Lewis Clarke Associates v. Tobler*, 32 N.C. App. 435, 232 S.E.2d 458, *disc. rev. denied*, 292 N.C. 641, 235 S.E.2d 60 (1977), this Court upheld a default judgment entered by the clerk for an amount allegedly owed on three promissory notes even though the amount demanded in the complaint was less than the total of the face amounts of the promissory notes.

In contrast, in *Williams v. Moore*, 95 N.C. App. 601, 383 S.E.2d 416 (1989), plaintiffs alleged that defendants owed them $306,046.92. The materials before the clerk consisted of an unverified complaint and affidavits of plaintiffs' attorney. The affidavits supported the amounts set out in the complaint. The total amount claimed was the amount of plaintiffs' damages less an amount in mitigation based upon the "fair rental value" of some unspecified amount of land. This Court found that the amount claimed was not a "sum certain" because of uncertainty as to how plaintiff had arrived at the amount in mitigation and several other elements of plaintiffs' damages.

Defendants cite *Hecht Realty, Inc. v. Hastings*, 45 N.C. App. 307, 262 S.E.2d 858 (1980) in support of their contention that the amount of damages in this case was not for a "sum certain" as required by Rule 55(b)(1). In *Hecht*, the plaintiff demanded judgment in the amount of $3,210. This demand appeared only in the prayer for relief. Exhibit A, a copy of the exclusive sales agreement, and Exhibit B, a copy of the sales contract, which presumably

would have supported the amount of the demand, were not attached to either the original complaint filed with the clerk nor were they attached to the complaint sent to the defendant. This Court held that the mere *demand* for judgment of a specified dollar amount, and no other allegations as to the amount, was insufficient to make the amount a "sum certain."

In deciding whether the complaint at issue is for a "sum certain," we do not consider Faircloth's affidavit. This affidavit was not before the clerk on 12 July 1990. We can consider only that which was before the clerk, namely the verified complaint.

We find that the clerk did not have authority under G.S. § 1A-1, Rule 55(b)(1) to enter a default judgment against defendants. In all the cases cited above, there was more evidence of the amount of the claim than simply the plaintiffs' bare assertion of the amount owed. Under Rule 55(b)(1), "[a] verified pleading may be used in lieu of an affidavit *when the pleading contains information sufficient to determine or compute* the sum certain" (our emphasis). Clearly, plaintiffs stated what they determine the damages to be. Just as clearly, there is no information whatsoever in the complaint by which it can be determined how that figure was computed.

For the reasons above, the default judgment is vacated. The entry of default stands and fixes the defendants' liability. The case is remanded to the trial court for the determination of the amount of the damages.

Default judgment vacated. Remanded to the trial court on the issue of damages.

Judges COZORT and GREENE concur.