VERNA F. CREASMAN, Plaintiff/Appellee v. CLINTON J. CREASMAN, Defendant/Appellant

No. COA01-828

(Filed 6 August 2002)

**1. Judgments; Process and Service— default—service by publication—actual notice**

The trial court did not abuse its discretion by denying defendant's motion to set aside default judgment based on an alleged lack of jurisdiction due to service by publication, because: (1) N.C.G.S. § 1A-1, Rule 4(j4) does not allow a party that receives timely actual notice to attack a judgment by default on the basis that the statutory requirement of due diligence as a condition precedent to service by publication was not met; (2) defendant's own affidavit and motion unequivocally state that he had actual notice of the pending action; and (3) service by publication could be had by plaintiff without first having an alias and pluries summons issued.

**2. Judgments— default—failure to obtain attorney not excusable neglect**

The trial court did not abuse its discretion by denying defendant's motion to set aside default judgment based on alleged excusable neglect when defendant was aware of the lawsuit because failure of a party to obtain an attorney is not excusable neglect, and neither is ignorance of the judicial process.

Appeal by defendant from judgment entered 26 March 2001 by Judge Zoro J. Guice, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 10 June 2002.

*Gum & Hillier, P.A., by David R. Hillier, for plaintiff-appellee.*

*Smathers & Norwood, by Patrick U. Smathers, for defendant-appellant.*

EAGLES, Chief Judge.

Defendant appeals from judgment denying his motion to set aside default judgment. After careful consideration of the briefs and record, we affirm.

Verna Creasman ("plaintiff") is the mother of Tommy Creasman ("Tommy"). Tommy was married to the mother of Clinton Creasman ("defendant"). Tommy is not the natural father of defendant. While not blood relatives, plaintiff and defendant shared a grandmother-grandson relationship.

Plaintiff's husband died in September 1999. On 5 November 1999, plaintiff, a 75 year old woman, executed a durable power of attorney appointing defendant as her attorney-in-fact. On the same day, plaintiff conveyed her interest in certain real property in Buncombe County to defendant. Plaintiff revoked the power of attorney on 21 December 1999 and executed a new power of attorney naming her son, Lawrence Creasman, as attorney-in-fact.

Plaintiff commenced this action on 7 January 2000. In her complaint, plaintiff alleged that: defendant liquidated plaintiff's bank account in the amount of $22,000.00; defendant converted plaintiff's social security checks; defendant coerced plaintiff into executing the deed transferring her Buncombe County property to him; defendant relocated plaintiff four times and failed to communicate her location to family members; defendant failed to provide for plaintiff's ordinary and usual needs; defendant removed all plaintiff's personal property from her former home; and defendant has attempted to sell plaintiff's former home. Plaintiff alleged that the defendant's actions were "without the willing consent of Plaintiff and have been to [the] detriment of Plaintiff."

The summons and complaint were returned unserved by the Haywood County Sheriff's Department on 11 February 2000. The summons indicated that the Sheriff's Department attempted service three times but was unable to locate defendant and that defendant did not live at the address listed on the summons. Plaintiff had an alias and pluries summons issued on 22 May 2000 with the same address for defendant. The alias and pluries summons was returned unserved on 24 June 2000. The summons indicated that after a "thorough and diligent search" the Sheriff's Department was "unable to locate anyone on Pennant Drive with [defendant's] name."

Plaintiff then commenced service of process by publication on 23 June 2000. The notice appeared in "The Enterprise Mountaineer" newspaper on 28 June, 5, 12 and 19 July 2000. Defendant found a Notice of Lis Pendens filed on 7 January 2000 which was posted at the property by plaintiff. Defendant obtained a copy of the complaint from the Buncombe County Clerk of Court's office. Defendant spoke

CREASMAN v. CREASMAN

[152 N.C. App. 119 (2002)]

with Terry Reep ("Reep"), his "church pastor, friend and advisor" about the complaint. They agreed that defendant would have to be personally served before he needed to appear in court.

After defendant neither appeared nor pled in the matter, plaintiff moved for entry of default and for default judgment on 13 September 2000. The Clerk of Superior Court for Buncombe County entered an entry of default against defendant on 14 September 2000. A hearing for the default judgment was scheduled for 4 October 2000. Defendant received in the mail a "Notice of Hearing" for the motion for default judgment.

The default judgment hearing was held in Buncombe County Superior Court before Judge James C. Baker on 4 October 2000. Defendant personally appeared at the hearing without counsel. The trial court entered judgment against defendant for $22,000.00 and ordered that title to the Buncombe County "real property" be vested in the plaintiff.

Defendant moved on 8 January 2001 to set aside the judgment. Defendant alleged excusable neglect and alternatively, that the judgment was void due to the plaintiff's failure to exercise due diligence prior to utilizing service by publication. The matter was heard in Buncombe County Superior Court before Judge Zoro J. Guice, Jr. The trial court denied defendant's motion to set aside the judgment. Defendant appeals.

Defendant raises two issues on appeal. Defendant contends that the trial court erred by denying defendant's motion to set aside judgment based on: (1) lack of jurisdiction due to improper service and (2) excusable neglect. After careful consideration, we affirm.

[1] Defendant first contends that the trial court erred by denying his motion to set aside the default judgment due to lack of jurisdiction causing the judgment to be void. Defendant argues that plaintiff did not exercise due diligence before utilizing service by publication. Defendant argues that plaintiff only attempted service by the Sheriff and that plaintiff made no attempt to find an accurate address after the first summons was returned. Defendant further contends that even if plaintiff exercised due diligence, the use of an expired summons invalidated service by publication. We are not persuaded.

A Rule 60(b)(4) motion "seeks relief from a final judgment or order which is void. This motion is addressed to the sound discretion

of the court." *County of Wayne ex rel. Williams v. Whitley,* 72 N.C. App. 155, 157, 323 S.E.2d 458, 461 (1984). Our review of the trial court's order is abuse of discretion. *Id.*

In its judgment, the trial court stated that defendant "is barred from raising issues concerning validity of the Default Judgment based upon Affidavit and testimony of Defendant in light of the provisions of North Carolina Rule of Civil Procedure 4(j4)." Rule 4(j4) of the North Carolina Rules of Civil Procedure states that *"Process or judgment by default not to be attacked on certain grounds.—...* No party that receives timely actual notice may attack a judgment by default on the basis that the statutory requirement of due diligence as a condition precedent to service by publication was not met." G.S. § 1A-1, Rule 4(j4) (2001).

Defendant stated in his affidavit in support of his motion to set aside judgment that:

4. *I saw the Lis Pendens filed on January 7, 2000 posted at the real property* which is the subject matter of the above-captioned matter.

5. *After seeing the Lis Pendens, I went to the Buncombe County Clerk of Court and obtained a copy of the Complaint from the court file.*

6. I then conferred with Terry Reep, who is my church pastor and a trusted friend and advisor. He and I agreed that I would need to have the Sheriff's Department serve me with the Complaint before I would be required to go to court.

7. I did not seek any legal advice regarding the Complaint based upon my belief that I had not been served with the Complaint and therefore did not need to take any action.

(Emphasis added.) In defendant's motion to set aside judgment, he alleges that he "did receive notice of the filing of a Lis Pendens against the property . . . and upon inquiry at the Buncombe County Clerk of Court Office, obtained a copy of the Complaint."

Defendant's own affidavit and motion unequivocally state that he had actual notice of the pending action. The trial court properly ruled that Rule 4(j4) precluded defendant from attacking the default judgment. The trial court did not abuse its discretion in denying defendant's motion.

CREASMAN v. CREASMAN

[152 N.C. App. 119 (2002)]

Defendant further argues that the summons used for publication was ineffective since more than 30 days had passed since its issuance so it could not subject defendant to the jurisdiction of the court. We note that defendant did not raise this issue in his motion to set aside the judgment. The record does not reflect a ruling on this issue by the trial court. "A contention not raised in the trial court may not be raised for the first time on appeal." *Town of Chapel Hill v. Burchette*, 100 N.C. App. 157, 159-60, 394 S.E.2d 698, 700 (1990); *see also* N.C.R. App. P. 10(b)(1) (2001).

Were the issue properly before us, we would still conclude that defendant's argument is without merit. In *Whitley*, a summons was not served within 30 days and became dormant. *Whitley*, 72 N.C. App. at 159, 323 S.E.2d at 462. The plaintiff commenced service by publication 68 days after the issuance of the summons but did not obtain an endorsement or an alias and pluries summons to revive the dormant summons. *Id.* This Court stated "[s]ince it is clear that the plaintiff's cause of action had not yet abated, we hold that service by publication could be had by the plaintiff without first having an alias or [sic] pluries summons issued." *Id.*

Here, plaintiff's alias and pluries summons was issued on 22 May 2000. This summons was returned unserved on 24 June 2000 and plaintiff commenced service by publication on 23 June 2000. Since the summons was not served within 30 days, it became dormant. Plaintiff commenced service by publication 32 days after the issuance of the summons. However, the plaintiff's action would not be discontinued or abated until 90 days after the issuance of the summons. As in *Whitley*, the plaintiff here commenced service by publication after the summons became dormant but before the action had been discontinued. Therefore, "service by publication could be had by the plaintiff without first having an alias or [sic] pluries summons issued." *Id.*

[2] Defendant next contends that the trial court erred by denying his motion to set aside the default judgment due to excusable neglect. Defendant argues that even though he was aware of the lawsuit, he "reasonably believed that he did not need to seek any legal guidance or worry about appearing in the matter" due to his discussions with Reep. Defendant contends that he was "a twenty-five year old man with a General Equivalency Diploma and no experience with legal matters," that he had never been involved in a lawsuit and that he believed he had to be personally served by the sheriff's department. We are not persuaded.

CREASMAN v. CREASMAN

[152 N.C. App. 119 (2002)]

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . excusable neglect . . . ." G.S. § 1A-1, Rule 60(b)(1) (2001). To set aside a judgment under Rule 60(b)(1), the moving party must show excusable neglect and a meritorious defense. *Grant v. Cox*, 106 N.C. App. 122, 125, 415 S.E.2d 378, 380 (1992). "A Rule 60(b) motion is addressed to the sound discretion of the trial court and its ruling will not be disturbed absent an abuse of that discretion." *Gibson v. Mena*, 144 N.C. App. 125, 128, 548 S.E.2d 745, 747 (2001). However, "what constitutes 'excusable neglect' is a question of law which is fully reviewable on appeal." *In re Hall*, 89 N.C. App. 685, 687, 366 S.E.2d 882, 884, *disc. review denied*, 322 N.C. 835, 371 S.E.2d 277 (1988). A trial court is not required to make written findings of fact when ruling on a Rule 60(b) motion, unless requested to do so by a party. *Gibson*, 144 N.C. App. at 128, 548 S.E.2d at 747. "Where the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is 'whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion[.]' " *Grant*, 106 N.C. App. at 125, 415 S.E.2d at 380 (quoting *Financial Corp. v. Mann*, 36 N.C. App. 346, 349, 243 S.E.2d 904, 907 (1978)).

> While there is no clear dividing line as to what falls within the confines of excusable neglect as grounds for the setting aside of a judgment, what constitutes excusable neglect depends upon what, under all the surrounding circumstances, may be reasonably expected of a party in paying proper attention to his case.

*Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554-55 (1986). "Deliberate or willful conduct cannot constitute excusable neglect, nor does inadvertent conduct that does not demonstrate diligence." *Couch v. Private Diagnostic Clinic*, 133 N.C. App. 93, 103, 515 S.E.2d 30, 38, *aff'd*, 351 N.C. 92, 520 S.E.2d 785 (1999) (citations omitted).

This Court has previously held that the failure of a party to obtain an attorney is not excusable neglect. *See Hall*, 89 N.C. App. at 688-89, 366 S.E.2d at 885; *Moore v. City of Raleigh*, 135 N.C. App. 332, 336-37, 520 S.E.2d 133, 137 (1999), *disc. review denied*, 351 N.C. 358, 543 S.E.2d 131 (2000). In *Hall*, this Court stated:

> A party may not show excusable neglect by merely establishing that she failed to obtain an attorney and was ignorant of

CREASMAN v. CREASMAN

[152 N.C. App. 119 (2002)]

the judicial process. Similarly, the fact that the movant claims he did not understand the case, or did not believe that the court would grant the relief requested in the complaint, has been held insufficient to show excusable neglect, even where the movant is not well educated.

*Hall*, 89 N.C. App. at 688, 366 S.E.2d at 885 (citations omitted). Further, "[e]xcusable neglect is not shown when a party fails to hire an attorney, even if he has never been involved in a lawsuit before and lacks knowledge of when his case will come up for trial." *Moore*, 135 N.C. App. at 336-37, 520 S.E.2d at 137.

Here, our review is complicated by the lack of a transcript from the default judgment hearing and the Rule 60(b) motion hearing. However, the record does show that defendant was a twenty-five year old man with a General Equivalency Diploma. Defendant saw the Lis Pendens posted at the property which caused him to go to the Buncombe County Clerk of Court where he obtained a copy of the complaint. Defendant stated in his affidavit that he "did not seek any legal advice regarding the Complaint based upon [his] belief that [he] had not been served with the Complaint and therefore did not need to take any action." Based on defendant's knowledge of the action pending against him, we hold that defendant's failure to obtain an attorney or seek legal advice is not excusable neglect. Due to defendant's inability to show excusable neglect, the trial court did not abuse its discretion in denying defendant's motion.

Whether defendant pled a meritorious defense is immaterial absent a showing of excusable neglect. *Hall*, 89 N.C. App. at 689, 366 S.E.2d at 885.

Accordingly, the decision of the trial court is affirmed.

Affirmed.

Judges WALKER and BIGGS concur.