JMM PLUMBING AND UTILITIES, INC., Plaintiff v. BASNIGHT CONSTRUCTION
COMPANY, INC., Defendant

No. COA04-740

(Filed 15 March 2005)

**1. Judgments; Liens— default judgment—validity—lien
enforcement not ordered**

No portion of a default judgment entered by the clerk of court
in favor of a subcontractor was void where plaintiff sought a lien
under N.C.G.S. Ch. 44A in its complaint but did not move for
enforcement of a lien in its motion for default judgment, and the
clerk of court did not order enforcement of a lien in the default
judgment. N.C.G.S. § 1A-1, Rule 55(b)(1).

**2. Civil Procedure— default judgment—excusable neglect—
waiting to be informed of hearing time**

The trial court did not err by denying a motion for relief from
a default judgment under N.C.G.S. § 1A-1, Rule 60(b)(1) based on
excusable neglect where defendant did not contact an attorney
until after the default judgment because it was under the impres-
sion that it would be informed of a hearing time by plaintiff.

**3. Civil Procedure— denial of Rule 60 motion—findings**

The trial court made sufficient findings which addressed the
issue of excusable neglect in denying defendant's Rule 60 motion
for relief from a default judgment.

Appeal by Defendant from an order entered 21 January 2004 by
Judge William C. Griffin, Jr. in Superior Court, Hyde County. Heard in
the Court of Appeals 1 February 2005.

*Aldridge, Seawall, Spence & Felthousen, LLP. by Christopher L.
Seawall and Thomas P. Routten for defendant-appellant.*

*The Twiford Law Firm, P.C., by Edward A. O'Neal for plaintiff-
appellee.*

WYNN, Judge.

When a party is duly served with a summons, yet fails to give his
or her defense the attention to which a person of ordinary prudence
usually gives his or her important business, there is no excusable
neglect to allow setting a default judgment aside under Rule 60(b).

*E. Carolina Oil Transp., Inc. v. Petroleum Fuel & Terminal Co.*, 82 N.C. App. 746, 748, 348 S.E.2d 165, 167 (1986), *disc. rev. denied*, 318 N.C. 693, 351 S.E.2d 745 (1987). In this case, Defendant through its agent contended that after receiving the summons in this matter, he was under the impression that he would be informed of a hearing time and did not contact an attorney until after the default judgment was entered. Because a party's failure to hire an attorney or mistaken belief that it would be informed of a hearing date does not constitute excusable neglect, we find no abuse of discretion by the trial court in denying Defendant's Rule 60(b) motion.

Plaintiff, JMM Plumbing and Utilities, Inc. ("JMM Plumbing"), is a North Carolina corporation with its principal place of business in Pasquotank County. Defendant, Basnight Construction Company, Inc. ("Basnight Construction"), is a North Carolina corporation with its principal place of business in Dare County.

Basnight Construction was a subcontractor of Peters and White Construction Company, located in Chesapeake, Virginia, on a contract for the installation of sewage collection lines and treatment facilities in Hyde County, North Carolina. On 30 May 2001, JMM Plumbing and Basnight Construction entered into a written subcontract agreement for the Hyde County project. JMM Plumbing billed Basnight Construction for work which it performed and Basnight Construction did not pay those bills.

On 30 December 2002, JMM Plumbing filed a Complaint alleging money was owed by Basnight Construction under the subcontract in the amount of $41,776.87 plus statutory interest. JMM Plumbing also requested a lien on all funds owed to Basnight Construction by Peters and White Construction Company.

After receiving the complaint, Jimmie Basnight, secretary/ treasurer of Basnight Construction, contacted JMM Plumbing about the lawsuit. After that conversation, he "assumed that [JMM Plumbing and Basnight Construction] were going to go to court to get [JMM Plumbing's] money." Basnight Construction did not file an answer or any response to the complaint.

On 11 February 2003, JMM Plumbing was granted an entry of default and a judgment by default in the amount of $41,776.87 plus interest and costs. JMM Plumbing voluntarily dropped its claim for a lien. On 31 July 2003, Basnight Construction filed a motion for relief from final judgment on the grounds of mistake, inadvertence, and/or

excusable neglect. After a hearing, Judge William C. Griffin, Jr. entered an order on 21 January 2004, denying Basnight Construction's motion for relief from judgment. Basnight Construction appealed from this order.

On appeal, Basnight Construction argues that the trial court erred by: (1) granting JMM Plumbing's judgment by default; (2) denying its motion for relief from judgment; and (3) failing to make appropriate findings of fact in the order denying relief from judgment. We disagree.

**[1]** Basnight Construction first contends that the trial court erred by granting JMM Plumbing's judgment by default because the clerk of court was without jurisdiction to make a ruling on the lien pursuant to Rule 55(b)(1) of the North Carolina Rules of Civil Procedure. As this is an issue of subject-matter jurisdiction, it can be raised for the first time on appeal. *Forsyth County Bd. of Soc. Servs. v. Div. of Soc. Servs.*, 317 N.C. 689, 692, 346 S.E.2d 414, 416 (1986).

The clerk of court may enter judgment by default

[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain . . . In all cases wherein, pursuant to this rule, the clerk enters judgment by default upon a claim for debt which is secured by any . . . other contractual security . . . the clerk may likewise make all further orders required to consummate foreclosure . . . .

N.C. Gen. Stat. § 1A-1, Rule 55(b)(1) (2004). Here, JMM Plumbing sought a lien pursuant to Chapter 44A of the North Carolina General Statutes. In *Ridge Cmty. Investors, Inc. v. Berry*, 293 N.C. 688, 698, 239 S.E.2d 566, 572 (1977), our Supreme Court held that

liens established pursuant to Chapter 44A of the General Statutes are not 'contractual security' within the meaning of Rule 55(b)(1) of the Rules of Civil Procedure and that a clerk or assistant clerk of court is without jurisdiction to make orders consummating foreclosure of liens established pursuant to Chapter 44A of the General Statutes.

*Id.* However, only the portion of a judgment entered by the clerk of court ordering the enforcement of a lien is void. *Id.* Since JMM Plumbing did not move for enforcement of a lien in its Motion for Judgment by Default, none was ordered in the Judgment by Default

entered by the Clerk of Court of Hyde County. Therefore, no portion of the judgment by default entered 11 February 2003 is void.

**[2]** Basnight Construction next argues that the trial court erred in denying its motion for relief from judgment pursuant to Rule 60(b)(1) of the North Carolina Rules of Civil Procedure. We disagree.

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) [m]istake, inadvertence, surprise, or excusable neglect; . . ." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2004). The party must also show the existence of a meritorious defense. *Howard v. Williams*, 40 N.C. App. 575, 577, 253 S.E.2d 571, 572 (1979). The decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial judge, and will not be overturned on appeal absent a clear showing of abuse of discretion. *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554 (1986).

Whether neglect is "excusable" or "inexcusable" is a question of law which "depends upon what, under all the surrounding circumstances, may be reasonably expected of a party" to litigation. *Id.*, 349 S.E.2d at 555. The trial judge's conclusion in this regard will not be disturbed on appeal if competent evidence supports the judge's findings, and those findings support the conclusion. *In re Hall*, 89 N.C. App. 685, 687, 366 S.E.2d 882, 884, *disc. review denied*, 322 N.C. 835, 371 S.E.2d 277 (1988).

When a party is duly served with a summons, yet fails to give his or her defense the attention to which a person of ordinary prudence usually gives his or her important business, there is no excusable neglect. *E. Carolina Oil Transp., Inc.*, 82 N.C. App. at 748, 348 S.E.2d at 167. "A party may not show excusable neglect by merely establishing that she failed to obtain an attorney and was ignorant of the judicial process." *Hall*, 89 N.C. App. at 688, 366 S.E.2d at 885. "Similarly, the fact that the movant claims he did not understand the case, or did not believe that the court would grant the relief requested in the complaint, has been held insufficient to show excusable neglect, even where the movant is not well educated." *Id.*

The record shows that Jimmie Basnight acknowledges receiving the Complaint and summons and does not contest service of process. However, he contends that he was under the impression that he

would be informed of a hearing time by JMM Plumbing and did not contact an attorney until after the default judgment was entered, which amounted to excusable neglect. *E. Carolina Oil Transp., Inc.*, 82 N.C. App. at 748, 348 S.E.2d at 167; *see Hall*, 89 N.C. App. at 688, 366 S.E.2d at 885 (no excusable neglect where respondent failed to respond to summons where she was unemployed and receiving aid from charitable organizations); *see, e.g., Creasman v. Creasman*, 152 N.C. App. 119, 566 S.E.2d 725 (2002) (no excusable neglect where the defendant was under the mistaken belief that he had not been served with the Complaint and did not need to take action). Basnight Construction's failure to obtain an attorney and its mistaken belief that it would be informed of a hearing date does not constitute excusable neglect.

As there was no excusable neglect, we do not need to address whether Basnight Construction had a meritorious defense. The trial court did not abuse its discretion by denying Basnight Construction's motion for relief from judgment. *Thomas M. McInnis & Assocs., Inc.*, 318 N.C. at 425, 349 S.E.2d at 554.

**[3]** Finally, Basnight Construction argues that the trial court erred by failing to make appropriate findings of fact in the order denying relief from judgment. We disagree.

"A trial court is not required to make written findings of fact when ruling on a Rule 60(b) motion, unless requested to do so by a party." *Creasman*, 152 N.C. App. at 124, 566 S.E.2d at 729. "Where the trial court does not make findings of fact in its order denying the motion to set aside the judgment, the question on appeal is 'whether, on the evidence before it, the court could have made findings of fact sufficient to support its legal conclusion[.]' " *Grant v. Cox*, 106 N.C. App. 122, 125, 415 S.E.2d 378, 380 (1992) (quoting *Financial Corp. v. Mann*, 36 N.C. App. 346, 349, 243 S.E.2d 904, 907 (1978)).

Here, the trial court did in fact make findings of fact in its 21 January 2004 order denying relief from judgment. The trial court made the following pertinent findings of fact:

\* \* \*

4. Jimmie Basnight, an officer of the Defendant, testified and offered an affidavit, setting out the actions which he took after he learned that the complaint had been served on the Defendant corporation.

5. After being served with the complaint, he did not seek legal counsel or hire an attorney to defend the action and took no action to defend the allegations of the complaint.

6. He made certain assumptions concerning the lawsuit but did not take any further action to defend the lawsuit.

Based upon the findings of fact the trial court concluded that Basnight Construction had "failed to plead or show mistake, inadvertence, or excusable neglect." The findings of fact address the issue of excusable neglect by stating Basnight Construction had received the Complaint, but failed to hire an attorney or take any steps to defend the lawsuit. Additionally, as we have stated previously, there is ample evidence to support the trial court's conclusion of law that Basnight Construction failed to plead or show excusable neglect. *Grant*, 106 N.C. App. at 125, 415 S.E.2d at 380.

Affirmed.

Judges HUDSON and STEELMAN concur.