SYLVESTER LEE SIMMONS v. JEROME CRAWFORD TUTTLE

No. 8321DC27

(Filed 21 August 1984)

1. **Rules of Civil Procedure § 41— failure to prosecute—dismissal by court ex mero motu improper**

　　G.S. 1A-1, Rule 41(b), which provides that a defendant may move for dismissal for failure of plaintiff to prosecute, does not authorize the court to dismiss an action *ex mero motu* for failure to prosecute.

2. **Rules of Civil Procedure § 60.2; Judgments § 25.3— attorney's failure to appear—no imputation of negligence to plaintiff—plaintiff entitled to relief**

　　The trial court erred in denying plaintiff's motion for relief from an order of dismissal pursuant to G.S. 1A-1, Rule 60(b)(1), where the record showed that plaintiff's original counsel withdrew and informed the court of new counsel's name; the clean-up calendar was not corrected to reflect the name of new counsel; plaintiff himself was without fault in not reporting to the court or attending the call of the clean-up calendar; and though the court could properly have found that plaintiff's new counsel was negligent for failing to ascertain that the case was on the clean-up calendar and acting accordingly, this neglect was not imputable to plaintiff.

　　Judges ARNOLD and JOHNSON concur in result.

APPEAL by plaintiff from *Alexander, Judge.* Judgment entered 11 October 1982 in District Court, FORSYTH County. Heard in the Court of Appeals 1 December 1983.

By this civil action the plaintiff seeks to recover damages allegedly suffered as a result of defendant's negligence in causing an automobile accident. The complaint was filed on 13 March 1981; an answer and counterclaim was filed 7 April 1981; and a reply was filed on 23 April 1981. On 27 August 1981 plaintiff's first lawyer filed a motion requesting that he be allowed to withdraw. On 14 September 1981 the case was placed on the 8 December 1981 District Court Clean-Up Calendar, plaintiff's original counsel being listed thereon as attorney of record. The stated purpose of the calendar was to ascertain the status of the several hundred cases that were on it and to facilitate the making up of a new ready calendar and subsequent trial calendars. The cover page of the calendar was as follows:

### DISTRICT COURT CLEAN-UP CALENDAR

TO: Members of the Bar and Litigants with cases pending in Forsyth County District Court not represented by counsel

FROM: Chief District Court Judge Abner Alexander

Attached hereto is a copy of the Clean-Up Calendar scheduled for call in the Forsyth County District Court, civil division, beginning Tuesday, December 8, 1981 at 9:30 a.m.

Cases will be called in order of apperance [sic] on the calendar. All cases in which no attorney or party appears at the call of the calendar and for which no written notice has been made prior to the call as outlined below, will be DISMISSED. A counterclaim is also subject to dismissal.

Written notice sufficient to excuse personal appearance at the calendar call and to avoid dismissal shall be made by each party, or attorney representing each party, to Judge Alexander prior to December 1, 1981.

The written notice shall indicate:

(1) Name of attorney representing each party.

(2) Whether cases are Jury or Non-Jury.

(3) Whether case appears on any other District Civil Calendar.

Simmons v. Tuttle

(4) Whether case is ready or not ready for trial, Reason for Non-readiness shall be stated.

If written notice incorporating the above mentioned information is NOT made to Judge Alexander on or before Tuesday, December 1, 1981, the cause of action or counterclaim of said non-notifying party will be dismissed if party or attorney is not present at the calling of the case at Clean-Up Calendar Call.

A SEPARATE WRITTEN NOTICE IS REQUIRED FOR EACH CASE. DO NOT SEND A LIST OF CASES ON ONE SHEET OF PAPER.

Any case not dismissed will be placed on a ready calendar. Cases in which a jury has been requested will be scheduled by the Court for trial at a jury session thereafter, without additional notice to counsel or parties. All others will be similarly scheduled for trial during non-jury weeks.

The files for the Clean-Up Calendar will be available for review in Room 427, Hall of Justice Building after Wednesday, November 25, 1981. All interested parties are urged to review files prior to that date.

This the 14th day of September, 1981.

On 28 September 1981 an order was entered allowing the motion of plaintiff's then counsel to withdraw from the case, but no notation thereof was made on the court's copy of the clean-up calendar. Having seen the calendar, plaintiff's former counsel wrote a letter on 22 October 1981 to Judge Alexander stating that he had been permitted by the court to withdraw and that Attorney Harrell Powell had replaced him, but again the clean-up calendar was not corrected accordingly. On 8 December 1981 when the clean-up calendar was called, neither the plaintiff nor his new attorney was present and the court entered an order dismissing the case for failing "to prosecute said action within a reasonable time." On 20 September 1982 plaintiff moved to set aside the judgment alleging under Rule 60(a) of the North Carolina Rules of Civil Procedure that it was entered because of the court's clerical mistake in listing his former attorney on the calendar as counsel and that the failure of his new attorney to attend the calling of the calendar was due to excusable neglect

under Rule 60(b); and on that day Judge Alexander entered an *ex parte* order in compliance therewith, setting aside the 8 December 1981 judgment. On 29 September 1982 defendant filed a motion to set aside the 20 September 1982 *ex parte* order, and following an 11 October 1982 hearing, an order was entered vacating the 20 September 1982 order and reinstating the judgment of dismissal. From this latter order plaintiff appeals.

*Powell and Yeager, by Lawrence J. Fine and Harrell Powell, Jr., for plaintiff appellant.*

*Hutchins, Tyndall, Doughton & Moore, by Richard D. Ramsey, for defendant appellee.*

PHILLIPS, Judge.

G.S. 7A-34 authorizes the North Carolina Supreme Court to establish rules of practice and procedure for the District and Superior Courts "supplementary to, and not inconsistent with, acts of the General Assembly." Among the rules adopted under this statutory authority is Rule 2 of the General Rules of Practice which, in pertinent part, provides:

Subject to the provisions of Rule 40(a), Rules of Civil Procedure and G.S. 7A-146:

(a) The Senior Resident Judge and Chief District Judge in each Judicial District shall be responsible for the calendaring of all civil cases and motions for trial or hearing in their respective jurisdictions. A case management plan for the calendaring of civil cases must be developed by the Senior Resident Judge and the Chief District Court Judge.

The case management plan developed by the Chief District Judge of the Twenty-First Judicial District apparently provides for periodically putting all cases that have been at issue for a few months on a clean-up calendar; dismissing those cases in which neither the plaintiff nor his counsel either appears at the call of the clean-up calendar or writes a letter ahead of time stating whether the cases are ready for trial, and if not, why; and putting the reported cases on a ready calendar, from which later trial calendars are drawn. And the record shows that plaintiff's case was routinely dismissed on the court's own motion, as the calen-

dar notice stated would happen, when neither plaintiff nor his new counsel either appeared at the call of the clean-up calendar or advised the court ahead of time in writing what the status of the case was. We do not believe that the court was empowered to dismiss plaintiff's case under the circumstances recorded.

[1]  Rule 41(b) of the Rules of Civil Procedure in pertinent part provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, *a defendant may move for dismissal of an action* or of any claim therein against him." (Emphasis added.) We interpret this provision to mean that the court may not dismiss an action *ex mero motu* for failure to prosecute. A learned author in this field agrees: "In any event, the defendant must move for dismissal under the rule in order to obtain the benefits provided therein." Shuford, N.C. Civil Practice and Procedure (2d ed.) § 41-7, p. 327 (1981). Furthermore, there is no indication in the record that the case was stale or that plaintiff was unwilling to prosecute it. *Green v. Eure*, 18 N.C. App. 671, 197 S.E. 2d 599 (1973).

[2]  Even if the court had possessed the authority to dismiss the action *ex mero motu*, its denial of plaintiff's motion for relief therefrom under Rule 60(b)(1) of the N.C. Rules of Civil Procedure was error. This rule authorizes relief from a judgment or order that is entered due to mistake, inadvertence, surprise or excusable neglect. It is quite plain that the plaintiff, as distinguished from his new counsel, was without fault in not reporting to the court or attending the call of the clean-up calendar, and his case should not have been dismissed because of it. Though the court could have properly found that plaintiff's new counsel was negligent for failing to ascertain that the case was on the clean-up calendar and acted accordingly, this neglect was not imputable to plaintiff; because an attorney's neglect will not be imputed to a litigant that is himself free of fault. *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507 (1954); *Kirby v. Asheville Contracting Co., Inc.*, 11 N.C. App. 128, 180 S.E. 2d 407, *cert. denied*, 278 N.C. 701, 181 S.E. 2d 602 (1971). According to the record, the dismissal was entered because plaintiff's attorney failed to discharge an administrative duty; a duty, as is generally known to the profession, that is rarely, if ever, discharged by litigants whose cases are being handled by lawyers, and that, for aught that the record shows, plaintiff knew nothing about. Thus, though the court certainly had

grounds for sanctioning plaintiff's new counsel, had it chosen to do so, it had no grounds for sanctioning plaintiff at all, much less to the drastic extent of dismissing his case, and plaintiff's motion to set the judgment aside should have been granted.

The judgment of dismissal is vacated and this matter remanded to the District Court for trial or other proceedings in due course.

Vacated and remanded.

Judges ARNOLD and JOHNSON concur in result.