Blackwelder Furniture Co. v. Harris

BLACKWELDER FURNITURE COMPANY OF STATESVILLE, INC. v. JACK R. HARRIS

No. 8522DC61

(Filed 2 July 1985)

**1. Rules of Civil Procedure § 41— dismissal for failure to prosecute—motion by defendant unnecessary**

A trial judge has authority to dismiss a plaintiff's claim pursuant to G.S. 1A-1, Rule 41(b) for failure to prosecute without a motion by defendant to do so. This decision limits the holding in *Simmons v. Tuttle,* 70 N.C. App. 101, 318 S.E. 2d 847 (1984).

**2. Parties § 8— trustee in bankruptcy—proper party to plaintiff's claim—necessary party to counterclaim—necessity for findings of fact**

Plaintiff's trustee in bankruptcy was a proper but not necessary party with respect to plaintiff's claim against defendant to recover on a past due account, and it was thus not necessary for the trial judge to make findings of fact in ruling on a motion to make the trustee a party to plaintiff's claim. However, the trustee was a necessary party with respect to defendant's counterclaim for legal services rendered to plaintiff, and the trial court should have made findings of fact in ruling on a motion to join the trustee as a party to the counterclaim.

**3. Rules of Civil Procedure § 41— improper dismissal for failure to prosecute**

Plaintiff's claim to recover for a past-due account was improperly dismissed for failure to prosecute where plaintiff had moved to make its trustee in bankruptcy a party to the action and the trustee was present when the case was called. G.S. 1A-1, Rule 41(b).

APPEAL by plaintiff from *Fuller, Judge.* Order of Involuntary Dismissal entered 20 August 1984 in District Court, IREDELL County. Heard in the Court of Appeals 24 June 1985.

This is a civil action, filed 2 January 1981, in which plaintiff seeks to recover $3,645.18 plus interest and costs on a past due account. In his answer, defendant denied knowledge of any indebtedness and counterclaimed for unpaid legal services rendered by defendant to plaintiff.

On 1 August 1984, plaintiff, by and through its attorneys Marc R. Gordon and Nelson M. Casstevens, Jr., filed a motion stating:

1. That on or about January 27, 1982 and subsequent to the filing of this action, plaintiff became a debtor under Chapter 7 of Title 11 of the United States Code.

2. That on or about said date, J. Samuel Gorham, III was duly appointed as Trustee in Bankruptcy of plaintiff.

3. That the said Trustee is required by federal law to properly administer the assets of plaintiff and that this litigation should not continue in the absence of joinder of said Trustee.

4. That the said Trustee has consented to his joinder as a party plaintiff hereto.

Plaintiff then moved the Court to enter an Order joining J. Samuel Gorham, III, as a party plaintiff.

Thereafter the case appeared on the calendar for the regularly scheduled session of the Civil Division of District Court in Iredell County for 20 August 1984, the Honorable George T. Fuller presiding. The record discloses that Samuel Gorham appeared and identified himself to the judge and "suggested" that the case be continued until a later session of court because he, the trustee, was scheduled to appear as a witness in Federal District Court in Wilkesboro, North Carolina the following day. Judge Fuller then announced in open court that the motion to join the trustee as a party to the proceeding would be denied, and that the case would be dismissed for failure to prosecute. The judge entered the following Order:

This matter coming on to be heard and being heard before the Honorable George T. Fuller, Judge presiding over the regularly scheduled August 20, 1984, Civil District Jury term and it appearing to the Court that prior to the call of this calendar, the above matter has been pending in the Iredell County Courts since January 2, 1981, and that the matter has repeatedly appeared on trial calendars and clean-up calendars without appearance by the attorney for Plaintiff and that by letter from attorney for the Plaintiff of March 24, 1982, he has indicated that Plaintiff filed bankruptcy but that there is no formal notice or record of any bankruptcy proceedings in the file; that by letter of September, 1983, the partner of attorney for Plaintiff wrote the Court a letter indicating that it would file a motion to join the bankruptcy trustee as a party; that motions were filed to join said trustee as a party August 1, 1984, and are on now for hearing; and,

That it further appears to the Court after inquiring into the matter that this matter has been unnecessarily delayed and that said motions should be denied and the matter should be dismissed for failure of Plaintiff to prosecute its claim.

Now, therefore, it is ORDERED, ADJUDGED and DECREED that this matter is hereby involuntarily dismissed with regard to Plaintiff's Complaint and Defendant's counterclaim.

This the 20th day of August, 1984.

s/ GEORGE T. FULLER
Judge Presiding

Plaintiff appealed.

*Thomas, Gaither, Gorham & Crone, by J. Samuel Gorham, III, for plaintiff, appellant.*

*Harris & Pressly, by Edwin A. Pressly, for defendant, appellee.*

HEDRICK, Chief Judge.

[1] There is nothing in the record before us to indicate that defendant made a motion to have plaintiff's claim dismissed for failure to prosecute. On appeal, citing *Simmons v. Tuttle*, 70 N.C. App. 101, 318 S.E. 2d 847 (1984), plaintiff strenuously contends that the trial judge was without authority to dismiss plaintiff's claim for failure to prosecute in the absence of a motion by defendant to do so. We note that two of the judges participating in *Simmons* also participated in the review of the present case, and concur in the Court's decision to limit the holding in that case. We disagree with the contention that the trial judge does not have authority to dismiss a claim pursuant to Rule 41(b) in the absence of a motion by defendant to do so. Whether a judge may dismiss a claim pursuant to G.S. Sec. 1A-1, Rule 41(b) depends on the facts and circumstances surrounding the particular case.

[2] In the present case a motion to make the trustee in bankruptcy a party to the action was pending when the case appeared on the calendar. Plaintiff contends the trial judge erred in denying the motion to make the trustee a party.

The trustee, in accordance with the provisions of 11 U.S.C. Sec. 323(a) and 323(b) became, at the time of his appointment, the

legal representative of plaintiff's estate, with the capacity to sue and be sued. Additionally, he "may prosecute or may enter an appearance and defend any pending action or proceeding by or against the debtor . . ." Bankruptcy Rule 6009. Thus, as plaintiff argues, the trustee had to be made a party, either by intervention or joinder, so that defendant's counterclaim against plaintiff could proceed.

We note that the trial judge made no findings of fact in ruling on the motion to make the trustee a party. It appears that the trustee was a proper party but not a necessary party with respect to plaintiff's claim against defendant, and thus it was not necessary for the judge to make findings of fact in ruling on the motion to make the trustee a party to plaintiff's claim. *Kimsey v. Reaves*, 242 N.C. 721, 89 S.E. 2d 386 (1955). But since the trustee appears to be a necessary party with respect to defendant's counterclaim against plaintiff, the bankrupt, the trial court should have made findings of fact in ruling on the motion. Thus, the Order denying the motion to join the trustee as a substitute party for plaintiff must be vacated, and the cause remanded to the district court for a new hearing and ruling on that motion.

[3] Since the record affirmatively discloses that the trustee was present when the case was called, we hold the trial court erred in dismissing plaintiff's claim with prejudice pursuant to G.S. Sec. 1A-1, Rule 41(b). We note that defendant gave notice of appeal from the Order dismissing the proceeding, but that he did not perfect that appeal. The result is: that part of the Order denying plaintiff's motion to make the trustee in bankruptcy a party to the proceeding is vacated, and the cause is remanded to the district court for further proceedings regarding the motion; that part of the Order dismissing plaintiff's claim for failure to prosecute is vacated, and the cause is remanded for further proceedings.

Vacated and remanded.

Judges ARNOLD and JOHNSON concur.