JOAN DRISCOL PERKINS v. STUART LEE PERKINS

No. 8712DC382

(Filed 2 February 1988)

**1. Rules of Civil Procedure § 41— ex mero motu dismissal for failure to prosecute**

The trial court did not err in the *ex mero motu* dismissal of plaintiff's claims for divorce and alimony without prejudice for failure to prosecute when neither the parties nor their attorneys appeared for the call of the calendar where no pleading had been filed in the case in almost two years, and the case had been placed on two prior clean-up calendars without any resulting activity or disposition. N.C.G.S. § 1A-1, Rule 41(b).

**2. Rules of Civil Procedure § 60.2— dismissal for failure to prosecute—denial of motion to vacate judgment**

The trial court did not err in denying plaintiff's Rule 60(b)(1) motion to vacate a judgment dismissing plaintiff's divorce and alimony claims without prejudice for failure to prosecute on the ground that her failure to appear at the call of the clean-up calendar was due to her counsel's mistake, inadvertence or excusable neglect where the court found that no pleadings, notices, or other documents had been filed in the case in almost two years; the case was twice previously placed on clean-up calendars without any disposition; the attorneys for the parties had not changed and there was no justification for the parties' failure either to try or settle the case; plaintiff's counsel requested by letter that the case be placed on inactive status because the parties were engaged in settlement negotiations; and defendant denied that any negotiations were underway.

Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Sol G. Cherry, Judge.* Orders entered 12 January 1987 and 9 February 1987 in District Court, CUMBERLAND County. Heard in the Court of Appeals 27 October 1987.

*Womble, Carlyle, Sandridge & Rice, by Carole S. Gailor for plaintiff-appellant.*

*Sullivan & Pearson, by Mark E. Sullivan for defendant-appellee.*

BECTON, Judge.

I

On 8 October 1984, plaintiff Joan Driscol Perkins brought this action against defendant Stuart Lee Perkins seeking divorce

Perkins v. Perkins

from bed and board, temporary and permanent alimony, equitable distribution of property, injunctive relief, and attorney fees. A consent order was entered granting plaintiff alimony *pendente lite* and attorney fees on 9 March 1985. The remaining matters were calendared for disposition on 12 January 1987 CIVIL DISTRICT CLEAN-UP CALENDAR. Neither plaintiff, defendant nor their respective attorneys appeared in court on that date. On 14 January 1985, the presiding judge entered an order dismissing plaintiff's and defendant's unlitigated claims *ex mero motu* for failure to prosecute. The order provided, however, that a new action based on the same claims might be commenced within one year from that date, and that all previous orders regarding the action continued in full force and effect.

Plaintiff filed a Motion to Reopen, pursuant to Rule 60 of the North Carolina Rules of Civil Procedure, on 19 January 1987. The presiding judge denied the motion. Plaintiff appeals. We affirm.

## II

Plaintiff raises two issues on appeal: whether the trial judge erred by dismissing her claims *ex mero motu*; and whether the trial judge erred by denying her Motion to Reopen or Vacate Judgment.

## A

[1] Plaintiff first contends that the trial judge lacked authority to dismiss her claims for failure to prosecute *ex mero motu*. The question whether a trial court may dismiss an action on its own motion was decided in *Blackwelder Furniture Co. v. Harris*, 75 N.C. App. 625, 331 S.E. 2d 274 (1985) when this court held that a trial judge may, depending upon the facts and circumstances surrounding the particular case, dismiss a claim under N.C. Gen. Stat. Sec. 1A-1, Rule 41(b) (1983), for failure to prosecute, without a motion by defendant.

In the instant case, the trial judge found, and the parties concede, that plaintiff and defendant failed to appear for the call of the calendar. Plaintiff also urges this court to consider the following circumstances. (1) Plaintiff's counsel wrote a letter to the court on 19 December 1986 requesting that the case be placed on inactive status because the parties were involved in settlement negotiations. (2) Counsel sent a copy of the letter to defendant's

counsel and he neither responded to her nor filed any motions. (3) Plaintiff's counsel's secretary telephoned the Clerk of Court to follow up on the request and was advised that she would be notified if the request presented any problems. (4) Counsel did not receive any further notice until she received the order of dismissal. Although plaintiff's counsel's conduct may have been reasonable under the circumstances she described, we cannot review with an omniscient eye circumstances that do not appear from the record to have been before the trial judge at the time he entered the order of dismissal. Based on the parties' failure to appear, the fact that no pleading had been filed in almost two years, and the fact that the case had been placed on two prior clean-up calendars, dismissal without prejudice was proper.

B

[2] Plaintiff next contends that the trial judge erred by denying her Rule 60(b)(1) Motion to Reopen or Vacate Judgment. Rule 60(b)(1) provides:

> (b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* On motion and upon such terms as are just, the court *may* relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect. (Emphasis added.)

Plaintiff argues that her failure to appear at the call of the clean-up calendar was due to her counsel's mistake, inadvertence or excusable neglect. We agree that the evidence would have permitted a finding that plaintiff's failure to proceed was due to mistake, inadvertence, or excusable neglect under Rule 60(b)(1). Nevertheless, "a motion under Rule 60(b) is addressed to the sound discretion of the trial court and the court's ruling will not be disturbed without a showing that the court abused its discretion." *Sink v. Easter*, 288 N.C. 183, 198, 217 S.E. 2d 532, 541 (1975); *accord, Carter v. Carter*, 68 N.C. App. 23, 314 S.E. 2d 281 (1984). The following findings by the trial judge are supported by the record. (1) No motions, pleadings, notices, orders or other documents were filed regarding the case from 7 March 1985 through 12 January 1987. (2) The case was twice previously

placed on clean-up calendars without any resulting activity or disposition. (3) Each party was represented by the same attorney, leaving no justification for the parties' failure to either try or settle the case. (4) Through a letter dated 29 December 1986, plaintiff's counsel requested that the case be placed on "inactive status" because the parties were engaged in settlement negotiations. (5) Defendant did not object to dismissal and denied that any negotiations were under way. In light of these findings, we hold that the trial judge did not abuse his discretion in denying plaintiff's motion. This is not merely a case, such as those cited by plaintiff in her brief, where a party mistakenly failed to appear. Moreover, the plaintiff's claims were dismissed without prejudice, thereby preserving the judicial preference for deciding cases on the merits. This assignment of error is overruled.

Judgment is affirmed.

Judge GREENE concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Since plaintiff's dismissed claims — all the claims in the case, as defendant asserted none and none have been finally litigated — could have been conveniently revived immediately by simply filing a new action, as the order permitted, it is surprising that plaintiff did not do that rather than pursue this appeal with all the delay, expense, inconvenience and risk that it entails. Nevertheless, in my opinion the court erred in entering the order and in declining to set it aside for two reasons: *First*, the order is a nullity on its face because it undertakes to do two fatally inconsistent things — keep in effect a prior order for alimony *pendente lite* while dismissing the litigation in which the order was entered. 49 C.J.S. *Judgments* Sec. 48, p. 111 (1947). *Second*, the court had no basis for sanctioning plaintiff at all, much less by dismissing her case, though it had ample grounds for sanctioning both lawyers for not attending the calendar call. Both the order and the majority opinion are apparently based upon the notion that the efficient administration of our civil trial courts requires that each plaintiff attempt to try his case at the earliest opportunity and to keep on

doing so until the case is finally concluded. This is a false notion. Untried domestic cases that have no pressing issues requiring trial are no burden to the courts and the longer they remain quiescent the better it is for the courts, parties, and the public alike for reasons that are both obvious and incontestable. This action is essentially for divorce from bed and board and alimony, as the other claims involving the property rights of the parties cannot be adjudicated until an absolute divorce, not yet sought, is entered. In the case plaintiff had a consent alimony *pendente lite* order based upon a stipulation that established defendant's marital fault, plaintiff's right to alimony, and the amount to be paid; and so far as the record shows the order had served, and was serving, her and the defendant just as well as would a final order following trial. For the order had been in effect twenty-two months and the record contains no indication that during that time either party had become dissatisfied with it or had an issue that required the further attention of the court. In that setting plaintiff had no reason to either press for a trial or to suppose that the court expected her to do so, and the court's implicit action and holding to the contrary was without rational basis.