**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARL R. SMINK; WINIFRED A. SMINK,
<u>Petitioners-Appellants,</u>

v.

No. 95-2158

COMMISSIONER OF THE INTERNAL
REVENUE SERVICE,
<u>Respondent-Appellee.</u>

Appeal from the United States Tax Court.
(Tax Ct. No. 94-6444)

Submitted: April 23, 1996

Decided: May 9, 1996

Before ERVIN and MICHAEL, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen G. Cochran, Daniel M. Rathbun, COCHRAN & RATHBUN,
P.C., McLean, Virginia, for Appellants. Loretta C. Argrett, Assistant
Attorney General, Gary R. Allen, Ann B. Durney, Sara Ann Ketchum,
Tax Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Carl R. Smink and Winifred A. Smink appeal from the tax court's order dismissing, for failure to prosecute, their joint petition for rede-termination of the asserted deficiencies in their taxes for the 1989 tax year. Finding no abuse of discretion, we affirm.

The Sminks, acting pro se, filed their petition on April 20, 1994. The tax court set the case for trial at the trial session beginning March 6, 1995, notifying the parties that they are "expected to be present at that time and be prepared to try the case." The parties were also noti-fied that failure to appear or failure to cooperate in the preparation of a stipulation of facts and evidence may result in dismissal of the case. In the standing pre-trial order, the parties were notified to be prepared to try the case any time during the term of the trial session and that continuances are granted "only in exceptional circumstances."

On December 21, 1994, counsel for the Commissioner sent the Sminks a request for admissions, seeking an agreement as to the authenticity and admissibility of eleven named and attached exhibits. The Commissioner's counsel also served the Sminks with a request for production of documents. Although Mr. Smink agreed to provide the documents, he did not.

Lawrence E. Lewy entered his appearance as counsel for the Sminks on January 5, 1995. On January 30, counsel for the Commis-sioner filed a motion to compel answers to the interrogatories, which were propounded to the Sminks on December 6, 1994. The tax court granted this motion, ordering the Sminks to serve answers to all of the interrogatories by February 16, 1995. The court also ordered that the Commissioner's motion for sanctions be heard at the trial session scheduled to begin on March 6, 1995. The Commissioner thereafter moved to compel production of documents. The tax court also granted

2

this motion, ordering production of the requested documents by February 21, 1995, and deferred ruling on the motion for sanctions until the trial date.

Three days prior to the beginning of the trial session at which their petition was scheduled to be heard, the Sminks, pro se, filed a motion for a continuance. In that motion, they asserted that their attorney failed to respond to requests for production of documents and interrogatories, even after ordered to do so by the court, failed to prepare for trial, failed to file stipulations for trial, and failed to prepare a trial memorandum. The Sminks requested a continuance because they were not prepared for trial and they wished to retain new counsel.

On March 6, 1995, the tax court called the Sminks' case and, upon being informed that the Sminks' counsel was not prepared to try the case, denied the motion for a continuance, denied the Sminks' motion to relieve counsel, and granted the Commissioner's motion for judgment by default. The tax court entered its order of dismissal and decision on March 7, 1995, granting the Commissioner's motion to dismiss for failure to prosecute and upholding the deficiency determination of the Commissioner. The court also denied as moot the Commissioner's motions for sanctions.

The Sminks' counsel moved for reconsideration of the tax court's dismissal order, asserting that when he entered his appearance in the case on January 5, 1995, he was not aware that the case had been set for trial on March 6, 1995; he thought the case was merely set for a calendar call on that date. From the time of his entry of his appearance, counsel asserted that he had several settlement discussions with the Commissioner's counsel, and he sincerely believed that the case would be settled, rather than go to trial. Counsel requested that the tax court reopen the proceedings. By marginal order, the tax court denied counsel's motion for reconsideration. The Sminks noted a timely appeal on June 2, 1995.

Dismissal of an action for failure to prosecute or failure to comply with the court's rules is within the discretion of the trial court. Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991); Hillig v. Commissioner, 916 F.2d 171, 173 (4th Cir. 1990) (dismissal under Tax Court Rule 123). However, because dismissal is a harsh sanction, the court must

3

employ some restraint. Hillig, 916 F.2d at 173; Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974).

The tax court may dismiss a case or enter a default under Tax Court Rule 123 for the taxpayer's failure to comply with the Tax Court Rules or any order of the court or for failure to prosecute. Further, the tax court may dismiss a case for failure to obey discovery orders. Tax Court Rule 104(c); see Aruba Bonaire Curacao Trust Co. Ltd. v. Commissioner, 777 F.2d 38, 43-45 (D.C. Cir. 1985), cert. denied, 475 U.S. 1086 (1986).

Four factors must be considered prior to dismissal for failure to prosecute: (1) the petitioner's personal responsibility; (2) the amount of prejudice to the respondent; (3) the presence of a history of proceeding in a dilatory manner; and (4) the effectiveness of less drastic sanctions. Hillig, 916 F.2d at 174. Applying these factors to the tax court's dismissal of the Sminks' case, we find no abuse of discretion in the tax court's dismissal order.

The Sminks contend that they should not be held responsible for their attorney's failure to respond to discovery requests, failure to comply with the tax court's orders compelling discovery, and failure to prepare for the trial of this case. However, prior to retaining counsel, the Sminks failed to comply with the tax court's pretrial order by failing to respond to the Commissioner's proposed stipulation of facts and by failing to comply with the Commissioner's discovery requests. See Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir. 1985) (failure to stipulate to documents prior to trial is sufficient grounds for dismissal of tax court petition). Further, the Sminks canceled or ignored appointments and ignored deadlines, document requests, and interrogatories. Although Mr. Smink agreed to provide documents and responses to the interrogatories by certain dates, he failed to do so and he failed to contact the Commissioner to obtain an extension of time. All of this occurred before the Sminks retained counsel. We find that the Sminks' actions before retaining counsel evidence a history of dilatory tactics and the Sminks' personal responsibility for failing to prosecute their tax court case.

Further, after retaining counsel, the Sminks--although aware of discovery deadlines and the trial date--failed to follow up with coun-

4

sel to ensure that the deadlines were met and the case prepared for trial. Contrary to their contention, the Sminks were not blameless for their attorney's inaction. See Doyle, 938 F.2d at 35 (client has some responsibility in selecting and supervising counsel); cf. Hillig, 916 F.2d at 174 (dismissal not appropriate if client blameless). Although the Sminks assert that they inquired about their case and were informed that counsel expected to have the case continued and expected to settle the case, anticipated settlement of the case does not excuse failure to prepare for trial.

Concerning the second Hillig factor--prejudice to the respondent --the Sminks contend that "the prejudice, if any, was neither substantial nor irreparable." They contend that a lesser sanction, such as monetary sanctions against their counsel, would have remedied any prejudice to the Commissioner caused by the need for a continuance to prepare for trial. While lack of prejudice does not prevent the dismissal of the case, Reizakis, 490 F.2d at 1135, the Sminks' failure to comply with the Tax Court Rules and orders of the court hindered the Commissioner's trial preparation and caused the Commissioner to expend additional resources in an attempt to force the Sminks' to cooperate with discovery and stipulations for trial.

As for the last factor, any lesser sanction would not be effective. The Sminks' suggestion of imposing monetary sanctions against their counsel would not serve to sanction the Sminks for their failure to comply with the tax court's rules and orders governing cooperation with discovery requests and stipulations. An alternative sanction, such as excluding from evidence any documents not provided to opposing counsel or entering a decision against the taxpayers on any issue on which they have the burden of proof, see Tax Court Rules 104(c), 123(b); Pfluger v. Commissioner, 840 F.2d 1379, 1382-83 (7th Cir.), cert. denied, 487 U.S. 1237 (1988), would have the same result as the tax court's dismissal for failure to prosecute. The Sminks had the burden of proof on all of the issues and they failed to stipulate to any documents. See Tax Court Rule 142(a); Helvering v. Taylor, 293 U.S. 507, 515 (1935). Barring them from presenting evidence would also result in a default. See Tax Court Rule 149.

In conclusion, consideration of all the factors governing dismissals for failure to prosecute reveals no abuse of discretion by the tax court

5

in dismissing the Sminks' case. We therefore affirm the tax court's order dismissing the Sminks' petition for redetermination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6