IN THE SUPREME COURT OF NORTH CAROLINA

No. 263A23

Filed 18 October 2024

IAN COWPERTHWAIT, WILLIAM COWPERTHWAIT, and CATHERINE COWPERTHWAIT

v.

SALEM BAPTIST CHURCH, INC.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 290 N.C. App. 262 (2023), affirming in part and reversing in part an order entered on 24 September 2021 by Judge Susan E. Bray in Superior Court, Forsyth County, and remanding the case. Heard in the Supreme Court on 19 September 2024.

> *Fox Rothschild, LLP, by Elizabeth Brooks Scherer and Nathan W. Wilson, and Smith Law Group, PLLC, by Steven D. Smith, for plaintiffs-appellees.*
>
> *Bovis Kyle Burch & Medlin, LLC, by Alicia L. Bray and Camilla F. DeBoard, for defendant-appellant.*

PER CURIAM.

In a divided opinion, the Court of Appeals affirmed in part the trial court's order vacating plaintiffs' Rule 41(a)(1) voluntary dismissal, reversed the portion of the trial court's order dismissing the case with prejudice, and remanded for the trial court to further consider which sanction short of dismissal with prejudice would be appropriate for plaintiffs' failure to prosecute. *Cowperthwait v. Salem Baptist*

-1-

*Church, Inc.*, 290 N.C. App. 262 (2023). Defendant appealed based on the dissent. For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.

Justice BARRINGER concurring in part and dissenting in part.

I concur with my esteemed colleagues of the majority that the decision of the Court of Appeals should be reversed when applying the applicable standard of review—abuse of discretion. I write this dissent to clarify that the relevant time period to be considered is the "period of time between the filing of the complaint and the ruling on [d]efendant's . . . motion." *Cowperthwait v. Salem Baptist Church, Inc.*, 290 N.C. App. 262, 271 (2023) (Stroud, C.J., concurring in result only in part, dissenting in part).

The judiciary has no role in deciding the soundness of public policy codified by the legislature. Applicable here, our legislature has decided that a plaintiff "who is [within the age of 18 years] at the time the cause of action accrued" is entitled to bring his or her action "within three years" after achieving the age of majority. N.C.G.S. § 1-17(a) (2023).

I am troubled by the trial court's finding that defendants "had been attempting to obtain the requested medical records of Ian Cowperthwait since at least 2014"—referencing a time period six years before the lawsuit was timely filed. Further concerning is the trial court's consideration that this case was "unusually old by virtue of the tolling of the statute of limitations applicable," therefore concluding that the "additional year-long delay" in prosecuting the action prejudiced the defendant. *Cowperthwait*, 290 N.C. App. at 267 (Stroud, C.J., concurring in result only in part, dissenting in part).

COWPERTHWAIT V. SALEM BAPTIST CHURCH, INC.

*Barringer, J., concurring in part and dissenting in part*

In my view, on these facts, the only time frame that is appropriately considered is after the claim was timely filed. Under the presumption of regularity, I must presume that the trial court did not inappropriately consider the period during which the statute of limitations was tolled. The Court of Appeals dissent stated, "[T]he trial court properly relied on the period of time between the filing of the complaint and the ruling on [d]efendant's . . . motion." *Id.* at 271. On its face, this is within the trial court's discretion.

Further, in accordance with judicial restraint, it is not necessary to reach the issue of whether "the claims of William and Catherine Cowperthwait were clearly barred by the statute of limitations." *Id.* at 269. Therefore, I do not concur with the majority on this issue.

Justice EARLS dissenting.

I would modify and affirm the decision of the Court of Appeals in this matter. I agree that the appropriate standard of review of the trial court's decision to dismiss the complaint with prejudice is abuse of discretion. However, I find that the trial court applied the wrong legal standard in assessing the relevant factors under *Wilder v. Wilder,* 146 N.C. App. 574 (2001). Because a trial court's error of law also constitutes an abuse of discretion, and because questions of law are reviewed de novo, *In re Custodial Law Enf't Recording*, 383 N.C. 261, 268 (2022), I would hold that the trial court's order here was an abuse of discretion.

## I.    Facts & Procedural History

On 9 July 2020, Ian Cowperthwait and his parents, William and Catherine Cowperthwait (Cowperthwaits), commenced a negligence action against Salem Baptist Church, Inc. (Salem Baptist) in Superior Court, Forsyth County. This action stems from a June 2011 incident when Ian, who was a minor at the time, was allegedly injured while attending an overnight camp on a property owned and managed by Salem Baptist. Because Ian was eleven years old at the time of the incident, the statute of limitations was tolled as to his claims until three years after his eighteenth birthday pursuant to N.C.G.S. § 1-17(a). Therefore, the statute of limitations expired for Ian's claims on 9 July 2020.

Since at least 2014, Brotherhood Mutual Insurance Company (Insurance Company), Salem Baptist's liability insurer, had been communicating with Ian's

parents to obtain Ian's medical records to resolve the claim.[1] Two weeks before the Cowperthwaits filed suit, the Insurance Company made a request for Ian's medical records for the purpose of evaluating the Cowperthwaits' claims. The Cowperthwaits' attorney assured the Insurance Company that he would provide the documents promptly. After the Cowperthwaits filed their complaint, the Insurance Company renewed its request for the medical documents. The Cowperthwaits' attorney did not consistently respond to these requests, but in December 2020, he again stated that he would try to obtain the medical records. The Cowperthewaits, however, did not produce the documents.

Based upon an agreement between the parties, Salem Baptist filed its answer in a document dated 4 January 2021, six months after the action was initiated.[2] On the same day, the Insurance Company's attorney served interrogatories and a formal request for production of documents. The parties agreed to extend the deadline for the Cowperthwaits to respond. But the Cowperthwaits failed to respond to the interrogatories and discovery requests by the 5 March 2021 deadline. In a 12 March 2021 e-mail, Salem Baptist's counsel asked that opposing counsel complete the

---

[1] The trial court's findings of fact specify that the Insurance Company and the Cowperthwaits had been in communication since at least 2014. However, there is no evidence in the record of any correspondence between the Insurance Company and the Cowperthwaits before June 2020.

[2] Before the action was commenced, counsel for the Cowperthwaits agreed to an extension of time for Salem Baptist to file an answer "to allow time for records review and possible case resolution." No further details regarding this extension are in the record other than the fact it was agreed to.

discovery requests by 19 March 2021 and added that otherwise, "the matter [would] be ripe for a motion to compel and possible additional relief." On 19 March 2021, the Cowperthwaits' attorney informed Salem Baptist's counsel for the first time of "severe communication issues" with Ian due to his inpatient treatment for addiction issues. Despite this setback, the Cowperthwaits' attorney said he believed he could provide verified responses to the discovery requests by the next week. Nonetheless, by 16 June 2021, the discovery requests remained unanswered.

Because of the repeated delays, on 16 June 2021, Salem Baptist filed a motion to dismiss under Rule 41(b) or, in the alternative, a motion to compel discovery. One month after this motion was filed, on 15 July 2021, the Cowperthwaits finally responded to the discovery requests and interrogatories. In total, fifty-nine pages of medical records were produced; however, these medical records were incomplete, and no school records were provided.

After hearing the matter on 10 August and 8 September 2021, the trial court dismissed the Cowperthwaits' action for failure to prosecute. In its written order, the trial court applied the three-part test set forth in *Wilder,* 146 N.C. App. at 578, and made the following findings and conclusions:

> 2. The Court finds that the Plaintiffs have unreasonably delayed this matter. Although Ian Cowperthwait has been admitted to [addiction] treatment facilities since April of 2021, no explanation was given for the more than eight months that passed since the filing of the complaint before April of 2021. Moreover, the Court notes that Ian's parents, William and Catherine Cowperthwait[,] are named Plaintiffs. No explanation has

been offered for their failure to prosecute the action.

3. The Court finds that the delay has prejudiced the Defendant. The case is already unusually old by virtue of the tolling of the statute of limitations applicable to Ian Cowperthwait due to his minor status (age 11) at the time of the incident. That incident occurred more than ten (10) years ago. The additional year-long delay in prosecuting this action has prejudiced the Defendant by exacerbating the inordinate amount of time since the incident, during which witnesses have moved and witness memories have inevitably faded.

4. Sanctions short of dismissal would be insufficient because the adverse effects of witness unavailability and faded memories that inevitably accompany lengthy periods of time cannot be reversed. Additionally, the court should not be expected to carry a personal injury action over multiple terms due to failure in prosecution.

The Cowperthwaits filed a timely notice of appeal to the Court of Appeals.

A divided panel of the Court of Appeals held that the trial court abused its discretion by dismissing the matter with prejudice. *Cowperthwait v. Salem Baptist Church, Inc.*, 290 N.C. App. 262, 269 (2023). The Court of Appeals reasoned that the trial court improperly considered the time during which the statute of limitations was tolled, opining that the tolling of the statute of limitations is "not a valid discretionary basis on which the trial court may dismiss the action for failure to prosecute." *Id.* at 268. Thus, the trial court abused its discretion when it dismissed the claim. *Id.* Chief Judge Stroud dissented in part, concluding that the plain language of the order reflected that the order was premised solely on the additional one-year delay caused by the Cowperthwaits' failure to obtain and provide the necessary records. *Id.* at 270–71 (Stroud, C.J., concurring in result only in part and dissenting in part). Chief Judge

Stroud concluded that there was no abuse of discretion and accordingly that the dismissal should have been affirmed. *Id.* at 272.

The majority further concluded that it would be improper to address whether the statute of limitations applied to the parents. *Id.* at 265 n.1. Chief Judge Stroud also dissented from this point. *Id.* at 269–70 (Stroud, C.J., concurring in result only in part and dissenting in part). Salem Baptist filed a timely notice of appeal based on Chief Judge Stroud's dissent.

## II.   Analysis

Salem Baptist challenges two aspects of the Court of Appeals' decision: (1) whether the Court of Appeals erred by not reviewing the applicability of the statute of limitations; and (2) whether the Court of Appeals erred by holding that the trial court abused its discretion. Regarding the first issue, I agree that it was not raised at the trial court and is therefore not properly before this Court. *See Value Health Sols., Inc. v. Pharm Rsch. Assocs.*, 385 N.C. 250, 272 (2023). To raise an issue on appeal, parties must present their arguments to the trial court by making a timely request, motion, or objection, and thereafter obtaining a ruling on that issue. *Id.*; *see also* N.C. R. App. P. 10(a)(1). Merely pleading a statute of limitations defense is insufficient to preserve the issue for appeal. *See Value Health Sols.*, 385 N.C. at 272 ("While defendants did plead that some or all of plaintiffs' claims are time barred, this argument was not presented to the trial court and no ruling was obtained. Therefore, we decline to reach the issue . . . ."). The record contains no evidence that Salem

Baptist made a request, motion, or objection challenging some of the claims as time barred, nor does the record contain a ruling on any such issues.

**A. The Court of Appeals Did Not Err When It Held the Trial Court Abused Its Discretion.**

Salem Baptist's core contention is that the Court of Appeals erred by holding that the trial court abused its discretion when it dismissed the Cowperthwaits' claims with prejudice for failure to prosecute. Under Rule 41(b) of the North Carolina Rules of Civil Procedure, a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute." N.C.G.S. § 1A-1, Rule 41(b) (2023). Unless otherwise specified, a dismissal for failure to prosecute constitutes an adjudication upon the merits. *Id.* But the rule does not define a "failure to prosecute." Therefore, the Court of Appeals relied upon its precedent in *Wilder*, 146 N.C. App. at 578, which prescribes a three-part analysis that trial courts must conduct before dismissing an action for failure to prosecute. Under *Wilder*, a trial court must consider the following factors before dismissing for failure to prosecute: "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." *Id.* As explained below, the trial court abused its discretion in applying each of the three *Wilder* factors. Therefore, the Court of Appeals did not err in reaching this conclusion. Moreover, we should formally adopt the *Wilder* factors; they are analogous to the standards applied under federal rules governing these circumstances.

-10-

### 1. *Standard of Review*

A trial court's involuntary dismissal under Rule 41(b) is a discretionary ruling. *Whedon v. Whedon*, 313 N.C. 200, 213 (1985). Discretionary rulings are reviewed for an abuse of discretion. *Orlando Residence, Ltd. v. All. Hosp. Mgmt. LLC*, 375 N.C. 140, 154 (2020). A trial court's conclusions of law that are unsupported by competent findings of fact constitute an abuse of discretion. *See State v. Corbett*, 376 N.C. 799, 819, 820 (2021) (reasoning that the trial court abused its discretion when its conclusions of law were unsupported by competent findings of fact). A trial court's error of law is an abuse of discretion, and questions of law are reviewed de novo. *In re Custodial Law Enf't Recording*, 383 N.C. at 268.

### 2. *The Court of Appeals did not err in ruling that the trial court abused its discretion in applying* Wilder.

As noted above, before dismissing a case under Rule 41(b) for failure to prosecute, the trial court must address the three *Wilder* factors: "(1) whether the plaintiff acted in a manner which deliberately or unreasonably delayed the matter; (2) the amount of prejudice, if any, to the defendant; and (3) the reason, if one exists, that sanctions short of dismissal would not suffice." 146 N.C. App. at 578. The trial court's determination of these factors must be supported by findings of fact, and failure to do so is grounds for reversal. *See id.* ("[T]he conclusion that there was prejudice to the defendant is insufficiently supported by factual findings, and must be vacated.").

  a. *The trial court misapprehended the law, and therefore abused its discretion, in finding that the Cowperthwaits caused an unreasonable delay.*

As is implicit with the "failure to prosecute" designation, the *Wilder* test requires that the plaintiff have "acted in a manner which deliberately or unreasonably delayed the matter." *Id.* The delay must be caused by the plaintiff herself, and delays caused by counsel do not give cause to dismiss under *Wilder*. *Simmons v. Tuttle*, 70 N.C. App. 101, 105–06 (1984) (vacating trial court's dismissal under Rule 41(b) for failure to prosecute because the delay was not personally caused by the plaintiff). A plaintiff unreasonably delays a matter by failing to diligently and responsibly prosecute it. *Cf. Spencer v. Albemarle Hosp.*, 156 N.C. App. 675, 678–79 (2003) (reasoning that there was not an unreasonable delay because no evidence suggested that the plaintiff was not diligently prosecuting his case). No minimum or maximum passage of time defines a delay, and the Court of Appeals has held lapses of time as short as fifteen months to be sufficient to satisfy the delay prong of *Wilder*. *See, e.g., Cohen v. McLawhorn*, 208 N.C. App. 492, 498–99, 505 (2010) (concluding that the plaintiff's failure to participate in fifteen months of proceedings constituted an unreasonable delay).

Unfortunately, North Carolina case law provides no clear guidance on what specifically constitutes a delay under *Wilder* beyond a failure to "diligent[ly] and responsibl[y]" prosecute the case. *Spencer*, 156 N.C. App. at 679. Nonetheless, the

Fourth Circuit's decision in *Smink* is helpful for our understanding of this issue.[3] *Smink v. Comm'r*, No. 95-2158, 1996 WL 240026 (4th Cir. May 9, 1996) (per curiam) (unpublished). In examining whether the plaintiffs delayed proceedings through their conduct, the Fourth Circuit focused on their failure to meet discovery deadlines— which occurred over a relatively small two-month portion of a total eleven months of pretrial preparation. *See id.* at *2 ("[T]he Sminks failed to comply . . . with the Commissioner's discovery requests . . . . Further, the Sminks canceled or ignored appointments and ignored deadlines, document requests, and interrogatories."). Thus, it would be appropriate to frame our understanding of delay in this case by examining the extent of the Cowperthwaits' failure to meet discovery deadlines, as in *Smink. See id.*

In the instant case, the Cowperthwaits were served with interrogatories and a request for documents on 4 January 2021. The deadline to respond to these requests was 5 March 2021. These discovery requests were not responded to until 15 July 2021. However, the trial court excused delays after April 2021 because of Ian Cowperthwait's enrollment in in-patient treatment for addiction. Thus, the time frame during which the Cowperthwaits failed to diligently prosecute the action by

---

[3] Because of the lack of case law from this state, federal precedent is "pertinent for guidance and enlightenment as we develop the philosophy of our Rules of Civil Procedure." *Slattery v. Appy City, LLC*, 385 N.C. 726, 736 n.12 (2024) (cleaned up). Furthermore, Fourth Circuit case law is particularly persuasive because North Carolina is located in the Fourth Circuit and *Wilder* is partly based on the Fourth Circuit's test. *Wilder*, 146 N.C. App. at 577– 78 (quoting the factors set forth in *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990)).

failing to meet requisite deadlines is approximately one month. *See id.* (reasoning that the delay caused by failure to meet discovery deadlines was a contributing factor in the overall pattern of delay leading to dismissal of the action).

Here, the trial court found that the Cowperthwaits unreasonably delayed the matter for over *eight months.* But there were no discovery deadlines between July 2020 and March 2021, and so the Cowperthwaits could not cause a delay without deadlines to ignore. As this Court has recognized, a dismissal with prejudice is a "harsh sanction" that is "warranted only in extreme circumstances." *Whedon,* 313 N.C. at 215 (cleaned up). A one-month delay is not the extreme circumstance that should qualify as unreasonable, especially in light of the severity of a dismissal with prejudice. *See id.* The trial court misapprehended what constitutes a delay under *Wilder*—a delay is, at minimum, a disregard of deadlines designed to ensure a timely resolution of the action.[4] *See Smink,* 1996 WL 240026, at *2 (reasoning that the plaintiffs caused delay by *inter alia* failing to meet discovery deadlines).

Although the trial court misapprehended the law, the Court of Appeals held that it did so in a different manner. In applying its *Wilder* analysis, the court below concluded that the trial court's order mistook the law by considering the time during

---

[4] This is not to say that a delay always requires the disregard of deadlines. The Court of Appeals has held that protracted and wholesale inaction can qualify as a delay. *See, e.g., Greenshields, Inc. v. Travelers Prop. Cas. Co. of Am.*, 245 N.C. App. 25, 33 (2016) (concluding that over four years of complete inaction in a matter constitutes an unreasonable delay). But this case does not involve total inaction; it centers around dilatory but active proceedings and the "wholesale inaction" approach to the delay element of *Wilder* is not applicable here.

which the statute of limitations was tolled.[5] *See Cowperthwait,* 290 N.C. App. at 268. The plain language of the order, however, focuses on "[t]he additional year-long delay" from the filing of the suit to the time of dismissal, not the ten-year delay from the tolling of the statute of limitations. As Chief Judge Stroud correctly wrote in her dissent, "the trial court properly relied on the period of time between the filing of the complaint and the ruling on Defendant's Rule 41 motion." *Id.* at 271 (Stroud, C.J., concurring in result only in part and dissenting in part).

Although the Court of Appeals' reasoning was erroneous, the trial court nonetheless misapprehended the law in applying *Wilder* to find the one-month delay unreasonable. Because the trial court misapprehended the delay element of *Wilder*, it abused its discretion. *See In re Custodial Law Enf't Recording*, 383 N.C. at 268 (explaining that a misapprehension of law is an abuse of discretion).

---

[5] On this point, the Court of Appeals concluded that, as a matter of law, it is improper to weigh the delay caused by the tolling of the statute of limitations under the *Wilder* analysis. Neither the Cowperthwaits nor the Court of Appeals identifies case law supporting the proposition that *Wilder* forbids consideration of delays or prejudice stemming from the tolling of the statute of limitations. Nonetheless, I agree with the Court of Appeals. The General Assembly has made a policy choice regarding the time a minor's negligence action may be tolled, and this decision should be respected. *See* N.C.G.S. § 1-17(a)(1) (2023) (allowing tort claims to be tolled for minors until their twenty-first birthday). Punishing the plaintiff for benefiting from the General Assembly's policy choices regarding the statute of limitations is also inconsistent with the requirement that the plaintiff be personally responsible for any delays—the General Assembly, not the plaintiff, authorized a ten-year delay between the alleged negligence and initiation of the action. *See Simmons*, 70 N.C. App. at 105–06 (vacating trial court's dismissal under Rule 41(b) for failure to prosecute because the delay was not personally caused by the plaintiff).

> b. *The trial court abused its discretion in finding that Salem Baptist was prejudiced by the delay because there were no findings of fact to support this conclusion.*

No specific form of harm or prejudice is necessary to satisfy the second prong of *Wilder*, and prejudice has been found in a variety of contexts. *See Meabon v. Elliott*, 278 N.C. App. 77, 83–84 (noting that if witnesses die or move away, prejudice is obvious), *disc. rev. denied,* 379 N.C. 151 (2021); *Lentz v. Phil's Toy Store*, 228 N.C. App 416, 424 (2013) (concluding that cost of defending unnecessarily protracted litigation was sufficient to satisfy prejudice prong of *Wilder*); *Cohen*, 208 N.C. App. at 503–04 (concluding that harm to attorney's reputation from a protracted malpractice suit is prejudice that satisfies *Wilder*). Yet as with any conclusion of law, a finding of prejudice must be supported by competent findings of fact. *See Lauziere v. Stanley Martin Cmtys., LLC*, 271 N.C. App. 220, 227–28 (2020), *aff'd per curiam*, 376 N.C. 789 (2021).

Here, the trial court concluded that Salem Baptist was prejudiced by the delay because the delay "exacerbat[ed] the inordinate amount of time since the incident, during which witnesses have moved and witness memories have inevitably faded." But no findings of fact support this conclusion. Looking at the record, the only scintilla of evidence regarding prejudice comes from the August 2021 hearing. At that hearing, Salem Baptist referred to the unavailability of witnesses and their fading memories as justifications to dismiss but gave no specific examples. Again, the trial court did not make any findings of fact on this point. Nor is there evidence in the

record to support such a finding.

The present case is very comparable to *Lauziere*. In that case, the Court of Appeals reversed a dismissal for failure to prosecute because "[n]o competent evidence in the Record support[ed] [the conclusion] that Defendants have been materially prejudiced." *Id.* at 224. As the court explained, no competent evidence supported the contention "that Defendants were prejudiced by the delay, were wrongfully deprived of a right to direct care, were burdened with substantial monetary expenses or were unable to recoup the same." *Id.* at 227. Here, as in *Lauziere*, no competent evidence in the record suggests that Salem Baptist was prejudiced by the delay. The allegations of witness unavailability and memory loss are unsupported by the record. For example, there is no evidence of any particular witness who became unavailable as a result of the month that discovery requests were delayed, and no findings of fact regarding other evidence that was destroyed during that period.

Because the trial court's conclusion of prejudice is unsupported by competent findings of fact, the trial court abused its discretion in finding that Salem Baptist was prejudiced by the delay. *See Corbett*, 376 N.C. at 820.

> c. *The trial court abused its discretion in finding that alternative sanctions were insufficient because that conclusion was unsupported by findings of fact.*

All that is necessary under the third prong of *Wilder* is that the trial court at least consider "the reason, if one exists, that sanctions short of dismissal would not

suffice." 146 N.C. App. at 578; *Ray v. Greer,* 212 N.C. App. 358, 364 ("The trial court is not required to impose lesser sanctions, but only to *consider* lesser sanctions." (quoting *In re Pedestrian Walkway Failure,* 173 N.C. App. 237, 251 (2005) (first emphasis omitted))), *cert. denied,* 365 N.C. 362 (2011). A trial court's consideration of alternative sanctions will be affirmed when "it may be inferred from the record that the trial court considered all available sanctions and the sanctions imposed were appropriate in light of [the party's] actions in th[e] case." *In re Pedestrian Walkway,* 173 N.C. App. at 251 (2005) (quoting *Hursey v. Homes by Design, Inc.,* 121 N.C. App. 175, 179 (1995) (cleaned up)).

Here, the trial court explained that "[s]anctions short of dismissal would be insufficient because the adverse effects of witness unavailability and faded memories that inevitably accompany lengthy periods of time cannot be reversed. Additionally, the [trial court] should not be expected to carry a personal injury action over multiple terms due to failure in prosecution." Although it is clear the trial court considered lesser sanctions and found them to be futile, no findings of fact support this proffered reason for dismissal. There is no evidence that witnesses were unavailable or had lost memories. Therefore, without competent findings of prejudice, the proffered reason for dismissal is an abuse of discretion, *see Corbett*, 376 N.C. at 820, and the purported logistical burden to the trial court is not enough to justify the extreme sanction of dismissal, *see In re Pedestrian Walkway,* 173 N.C. App. at 251 (explaining that affirmance of an order is proper if "the sanctions imposed were appropriate in light

of [the party's] actions" during the litigation (cleaned up)).

### 3. The Court of Appeals did not err in holding that the trial court abused its discretion, and its holding should be modified and affirmed.

As explained above, the trial court abused its discretion in its application of *Wilder*. The Court of Appeals reached the same conclusion, albeit for different reasons. *See Cowperthwait,* 290 N.C. App. at 268–69. Given this difference in reasoning but congruence in outcome, I would modify and affirm the decision of the Court of Appeals. *Cf. D.V. Shah Corp. v. VroomBrands, LLC*, 385 N.C. 402, 403–05 (2023) (modifying and affirming the decision of the Court of Appeals when this Court reached the same conclusion but for different reasons).

## B. This Court Should Adopt the *Wilder* Test Because It Is Strongly Supported by Federal Case Law.

Although the trial court abused its discretion under *Wilder*, it would be prudent to consider if the *Wilder* test is the correct analysis to apply in resolving whether to dismiss for a failure to prosecute. We are not bound by *Wilder*. *See N. Nat'l Life Ins. Co. v. Lacy J. Miller Mach. Co.*, 311 N.C. 62, 76 (1984) ("This Court is not bound by precedents established by the Court of Appeals."). This Court has never expressly adopted the *Wilder* test to determine when a party fails to prosecute a claim.[6] This Court, not the Court of Appeals, has the final say over the laws of North

---

[6] In a per curiam opinion, this Court recently affirmed a decision of the Court of Appeals that applied *Wilder*. *See Lauziere*, 271 N.C. App. at 223. While this Court has held that per curiam opinions are binding, *State v. Elder*, 383 N.C. 578, 598 (2022), the per curiam affirmance of *Lauziere* never addressed the specifics of the *Wilder* test. In *Lauziere*, this Court wrote a single paragraph specifying that the case should comply with particular procedural

Carolina. *Lea Co. v. N.C. Bd. of Transp.*, 308 N.C. 603, 610 (1983). In light of the substantial interests at stake, we should bring clarity and finality to how trial courts weigh dismissals for failure to prosecute. *See id.*

Rule 41 of North Carolina's Rules of Civil Procedure is analogous to Rule 41 of the Federal Rules of Civil Procedure. *Compare* N.C.G.S. § 1A-1, Rule 41(b) ("For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or of any claim therein against him.") *with* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute . . . a defendant may move to dismiss the action or any claim against it."). Thus, in considering whether *Wilder* is the appropriate approach, we should rely on federal precedent because such case law is "pertinent for guidance and enlightenment as we develop the philosophy of our Rules of Civil Procedure." *Slattery v. Appy City, LLC*, 385 N.C. 726, 736 n.12 (2024) (cleaned up). As explained further below, the *Wilder* test is reflective of the key considerations weighed by federal courts and should be employed as this State's analysis for failure to prosecute issues.

Each federal circuit court deploys a marginally different approach for the failure to prosecute analysis. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2370.1 (4th ed. 2004) (last updated June 2024), Westlaw.

---

rules on remand. 376 N.C. at 789, *aff'g per curiam*, 271 N.C. App. 220. There is no true decision or reasoning from this Court on *Wilder*, so we are not bound by stare decisis on this issue. *See State v. Ballance*, 229 N.C. 764, 767 (1949) (reasoning that where there is no real series of prior decisions, stare decisis does not command adherence to precedent).

But several common factors are shared amongst the various analyses. *See id.*

To start, the federal circuits unanimously agree that dismissal with prejudice for failure to prosecute is an incredibly harsh course of action that should be reserved only for extreme circumstances. *See, e.g., Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998) ("Because dismissal is a harsh penalty, however, it is appropriate only in extreme circumstances of unreasonable delay." (cleaned up)). Thus, every federal circuit requires the trial court to at least consider alternative sanctions. *See, e.g., Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722 (8th Cir. 2010) (recognizing that a trial court must consider, among other factors, the efficacy of less severe sanctions).

The federal circuits further agree that there must be dilatory or delayed conduct, either intentional or inadvertent, before dismissing for failure to prosecute. *See, e.g., Pomales v. Celulanes Telefónica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003) (stating that "extremely protracted inaction (measured in years)" can justify dismissal with prejudice for failure to prosecute). Federal courts also recognize that a distinction should be drawn between the plaintiff's personal responsibility for the delay and their attorney's share of the blame. *See, e.g., Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (explaining that a plaintiff should not be punished for neglect due solely to their lawyer's unexcused and erroneous actions). Additionally, all federal circuit courts look to the extent of prejudice created by dilatory conduct. *See, e.g., Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (recognizing that a trial court

should consider the amount of prejudice to the defendants caused by the inaction of the plaintiff).

Lastly, although specific considerations are helpful in guiding a trial court's ultimate decision, federal circuit courts tend to weigh the totality of the circumstances when deciding whether to dismiss for failure to prosecute. *See, e.g., McMahan v. Deutsche Bank AG*, 892 F.3d 926, 932 (7th Cir. 2018) ("Ultimately, the decision to dismiss depends on all the circumstances of the case." (quoting *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011))). The federal approaches to the failure to prosecute analysis are functionalist tests designed to guide, but not dictate, how trial courts address the issue. *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("In balancing the [enumerated] factors, we do not have a 'magic formula' or 'mechanical calculation' . . . . While no single [ ] factor is dispositive, we have also made it clear that not all of the [ ] factors need be satisfied in order to dismiss a complaint." (cleaned up)).

Given this case law, the essential elements of the failure to prosecute analysis can be summarized as: (1) evidence of delay; (2) the plaintiff's personal responsibility for the delay; (3) the amount of prejudice to the defendant; and (4) consideration of alternative sanctions. And when these factors are compared with *Wilder*, it is evident that *Wilder* is well supported by federal case law. The factors promulgated in *Wilder* comport with the common factors utilized across the federal circuit courts. *Cf.* 146 N.C. App. at 578 (the three-part *Wilder* test). Given the guidance from the federal

circuit courts and *Wilder*'s agreement with the common principles reflected in federal case law, this Court would be prudent to explicitly adopt the *Wilder* test.

## III. Conclusion

The Court of Appeals did not err as to either issue before this Court. The statute of limitations defense was not properly preserved for appellate review, so the Court of Appeals did not err in refusing to address that issue. Furthermore, the trial court abused its discretion by not following the correct legal standard in applying the *Wilder* test. The trial court misapprehended the law regarding the delay prong of *Wilder*, and its legal conclusions regarding prejudice and the suitability of lesser sanctions were unsupported by competent findings of fact. Although the Court of Appeals reasoned through the failure to prosecute issue differently than I would, it nonetheless reached the correct holding. For these reasons, I would modify and affirm the decision of the Court of Appeals and remand the matter to that court for remand to the trial court for further proceedings.

Justice RIGGS joins in this dissenting opinion.